THE HONORABLE JAMAL N. WHITEHEAD

1

2

3

4

5

6            UNITED STATES DISTRICT COURT
7         WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE

8  DAVID GOGGINS, GOGGINS BUILT NOT        Case No. 2:24-cv-00257-JNW
   BORN, LLC, and GOGGINS, LLC,
9                                          **DEFENDANT AMAZON.COM, INC.'S**
10                          Plaintiffs,    **MOTION TO DISMISS**

11         v.                              *[Motion to Compel Arbitration and Stay
                                           Action filed concurrently herewith]*
12  AMAZON.COM, INC.,
                                           **NOTE ON MOTION CALENDAR:**
13                          Defendant.     **May 3, 2024**

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 6

II.     SUMMARY OF ALLEGATIONS ....................................................................... 6

III.    LEGAL STANDARD ......................................................................................... 7

IV.     ARGUMENT ...................................................................................................... 8

    A.    The Copyright Act Preempts Plaintiffs' First, Second, Third, Fourth, and
          Seventh Claims. ........................................................................................ 8

          1.    Goggins' PRA Claim. .................................................................. 9

          2.    Plaintiffs' Lanham Act Claim. ................................................... 10

          3.    Plaintiffs' Tortious Interference Claim. ...................................... 10

          4.    Plaintiffs' Unjust Enrichment Claims. ....................................... 11

          5.    Plaintiffs' CPA Claim. ............................................................... 11

          6.    Plaintiffs Cannot Avoid Preemption By Conclusory References to
              "Other Products." ....................................................................... 12

    B.    Plaintiffs' Claims Also Have Critical Pleading Deficiencies. .............................. 13

          1.    Goggins Fails to State a Claim Under the PRA. ......................... 13

          2.    Plaintiffs Fail to State a Claim Under the Lanham Act. ........................ 13

          3.    Plaintiffs Fail to State a Claim for Tortious Interference. ...................... 15

          4.    Plaintiffs Fail to State a Claim Under the CPA ......................... 15

    C.    Plaintiffs Fail to Plead Any Facts to Support Goggins, LLC's Claims ............... 16

V.      CONCLUSION.................................................................................................. 17

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 2
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### CASES

4

*Albustani v. Alger*,
No. C22-5238JLR, 2022 WL 3213331 (W.D. Wash. Aug. 9, 2022) .......................................13

6

*Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*,
631 F. Supp. 3d 950 (W.D. Wash. 2022) .............................................................................15

7

*Ariix, LLC v. NutriSearch Corp.*,
985 F.3d 1107 (9th Cir. 2021) ............................................................................................13

9

*Aronson v. Dog Eat Dog Films, Inc.*,
738 F. Supp. 2d 1104 (W.D. Wash. 2010) .........................................................................8, 9

11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................................7, 13

13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................................7

14

*Blue Nile, Inc. v. Ice.com, Inc.*,
478 F. Supp. 2d 1240 (W.D. Wash. 2007) ..........................................................................11

16

*Bombardier Inc. v. Mitsubishi Aircraft Corp.*,
383 F. Supp. 3d 1169 (W.D. Wash. 2019) .........................................................................15

17

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*,
911 F.2d 242 (9th Cir. 1990) ...............................................................................................14

19

*Cousineau v. Microsoft Corp.*,
992 F. Supp. 2d 1116 (W.D. Wash. 2012) .........................................................................16

21

*Design Gaps, Inc. v. Hall*,
No. 3:23-CV-186-MOC, 2023 WL 8103156 (W.D.N.C. Nov. 21, 2023) ............................10

23

*Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*,
No. 2:19-CV-1458-DWC, 2020 WL 2795198 (W.D. Wash. May 29, 2020) .........................13

24

*Falcon Enterprises, Inc. v. FCI Inc.*,
No. C07-0311-JCC, 2008 WL 11345883 (W.D. Wash. Apr. 29, 2008) ................................10

26

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 3
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Falcon Enterprises, Inc.*,
   2007 WL 737347 ................................................................................................11

*Haglund v. Sawant*,
   2018 WL 22216154 (W.D. Wash. May 15, 2018)..................................................13

*In re Ford Motor Co. Sec. Litig., Class Action*,
   381 F.3d 563 (6th Cir. 2004) ..............................................................................14

*King v. Bank of Am.*, N.A.,
   No. C15-1014-TSZ, 2015 WL 12930129 (W.D. Wash. Dec. 28, 2015) ...............16

*Kodadek v. MTV Networks, Inc.*,
   152 F.3d 1209 (9th Cir. 1998) ..............................................................................9

*Laws v. Sony Music Entertainment, Inc.*,
   448 F.3d 1134 (9th Cir. 2006) ...........................................................................8, 9

*Maloney v. T3Media, Inc.*,
   853 F.3d 1004 (9th Cir. 2017) ..............................................................................8

*Meeco Mfg. Co. v. True Value Co.*,
   No. C06-1582RSL, 2007 WL 1051259 (W.D. Wash. Apr. 4, 2007) ...............7, 8, 9

*Minnick v. Clearwire US, LLC*,
   683 F. Supp. 2d 1179 (W.D. Wash. 2010)...........................................................16

*Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*,
   No. C10-322 MJP, 2010 WL 2217910 (W.D. Wash. June 1, 2010) .........8, 9, 10, 11

*Prager Univ. v. Google LLC*,
   951 F.3d 991 (9th Cir. 2020) ..............................................................................14

*RDF Media Ltd. v. Fox Broad. Co.*,
   372 F. Supp. 2d 556 (C.D. Cal. 2005) ............................................................8, 10

*Rescue v. Walters*,
   No. C20-5700JLR, 2021 WL 22591 (W.D. Wash. Jan. 4, 2021) ..........................13

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..............................................................................16

*Telecredit Services Corp. v. Electronic Transaction Corp.*,
   974 F.3d 1343 (9th Cir. 1992) ............................................................................14

*Wade Cook Seminars, Inc. v. Mellon*,
   95 Wash. App. 1008 (1999)................................................................................15

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 4
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Whitehead v. CBS/Viacom, Inc.*,
  315 F.Supp.2d 1 (D.D.C.2004) ...............................................................................10

*Zito v. Steeplechase Films, Inc.*,
  267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) .........................................................11

**STATUTES**

17 U.S.C.A. § 101 ..........................................................................................................12

17 U.S.C. § 106 ...............................................................................................................9

Copyright Act.......................................................................................................... *passim*

Lanham Act.............................................................................................................. *passim*

RCW
  § 19.86.010 *et seq.* ......................................................................................................15
  § 63.60.010.....................................................................................................................9

Washington Consumer Protection Act......................................................................6, 7

Washington Personality Rights Act...........................................................................6, 7

**RULES**

Fed. R. Civ. P. 8 .......................................................................................................6, 12, 16

Fed. R. Civ. P. 9(b) ...........................................................................................................16

**OTHER AUTHORITIES**

*1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition* § 6:5
  (4th ed. 2004) .............................................................................................................10

H.R.Rep. No. 94–1476 (1976) ...........................................................................................8

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## I.  INTRODUCTION

Plaintiffs, an individual author and two of his companies, assert seven putative claims all arising from the same alleged harm—sales of "bootleg copies" of their copyrighted works on Amazon's website.  Amazon[1] has separately moved to compel arbitration of plaintiffs David Goggins' ("Goggins") and Goggins Built Not Born's ("GBNB") claims.  Amazon brings this motion in the alternative in case the Court denies the motion to compel arbitration, and with respect to the third plaintiff, Goggins, LLC.

Plaintiffs' five non-copyright claims are each based on the same facts underlying their copyright infringement claims; namely, the alleged sale of unauthorized copies of his books.  These claims are incurably preempted by the Copyright Act and therefore must be dismissed with prejudice.  Additionally, plaintiffs' claims for violation of the Washington Personality Rights Act, violation of the Lanham Act, tortious interference, and violation of the Washington Consumer Protection Act must be dismissed for failure to plead elements essential to each.  Finally, all claims brought by Goggins, LLC should be dismissed because it pleads **no** specific facts supporting liability on its behalf, and thus fails to state a claim under Rule 8 of the Federal Rules of Civil Procedure.

## II.  SUMMARY OF ALLEGATIONS

Goggins is an ultra-athlete and author of two books, *Can't Hurt Me* and *Never Finished*.  ECF 1 ¶ 1.  GBNB is the registered copyright holder for both books.  *Id.* ¶¶ 35, 37, 39, 41, 178.  Goggins self-published *Can't Hurt Me* and sold it on Amazon's website.  *Id.* ¶¶ 3, 5.  Pursuant to Goggins' agreements with Amazon, Amazon was the only entity legally entitled to sell unsigned hardcover copies of *Can't Hurt Me.  Id.* ¶¶ 5-6.[2]  Despite this, third parties sold bootleg copies of

---

[1] Plaintiffs erroneously named Amazon.com, Inc.  Amazon.com, Inc., does not operate the websites at issue; the relevant entity is Amazon.com Services LLC.  Amazon responds herein on behalf of Amazon.com Services LLC.

[2] Goggins alleges that he also self-published *Never Finished* and sold it on Amazon, but does not allege that Amazon had the exclusive right to sell *Never Finished.  See generally id.* ¶¶ 35-41.

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

both books, as well as summaries, biographies of Goggins, and unidentified "consumer products using Plaintiffs' intellectual property," on the Amazon site. *Id*. ¶¶ 7; 78-106. Goggins informed Amazon of infringing sales of *Can't Hurt Me* beginning in June 2019, but, Goggins claims, Amazon did not stop the infringement until after Goggins made a public Instagram post in October 2023. *Id*. ¶¶ 8-18; 107-118. Plaintiffs assert that Amazon's failure to act on Goggins' infringement claims is inconsistent with Amazon officers' public statements in April 2023 that Amazon prohibits counterfeiting in its store and operates with a goal of "driving 'counterfeits to zero.'" *Id*. ¶¶ 44-52, 118-127. Plaintiffs further assert that the poor quality of the allegedly infringing works has caused them lost sales and harmed their goodwill. *Id*. ¶¶ 19-20; 128.

While plaintiffs' claims all rely on and incorporate these facts by reference, each plaintiff asserts a mix of claims. *Id*. ¶¶ 133, 141, 156, 166, 177, 186, 198. Count one (violation of the Washington Personality Rights Act ("PRA claim")) is brought by Goggins alone. *Id*. ¶¶ 133-140. Count two (false advertising under the Lanham Act) is brought by all plaintiffs. *Id*. ¶¶ 141-155. Count three (tortious interference) is brought by all plaintiffs, but the specific allegations only relate to GBNB. *Id*. ¶¶ 156-165. Count four (unjust enrichment) is brought by all plaintiffs. *Id*. ¶¶ 166-176. Count five (contributory copyright infringement) is brought by GBNB. *Id*. ¶¶ 177-185. Count six (vicarious copyright infringement) is brought by GBNB. *Id*. ¶¶ 186-197. Count seven (false advertising under the Washington Consumer Protection Act ("CPA claim")) is brought by all plaintiffs. *Id*. ¶¶ 198-214.

## III.   LEGAL STANDARD

The claims asserted by plaintiffs must be dismissed if they lack factually plausible allegations tethering each of their elements to a specific plaintiff and defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts routinely dismiss the exact types of claims asserted by plaintiffs here, and without leave to amend if the defects are uncurable. *See, e.g., Meeco Mfg. Co. v. True Value Co.*, No. C06-1582RSL, 2007 WL 1051259, at *3 (W.D. Wash. Apr. 4, 2007) ("[C]ourts routinely grant motions to dismiss state

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 7
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

law claims on the basis of preemption by the Copyright Act"); *Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*, No. C10-322 MJP, 2010 WL 2217910, at *2 (W.D. Wash. June 1, 2010) (dismissing unjust enrichment, CPA, and tortious interference claims on Copyright Act preemption grounds); *see also RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) (dismissing preempted claim without leave); *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1020 (9th Cir. 2017) (same).

## IV.    ARGUMENT

### A.    The Copyright Act Preempts Plaintiffs' First, Second, Third, Fourth, and Seventh Claims.

The Copyright Act is the exclusive basis for asserting any claim based on rights in and harms to copyrighted materials.  The Act is intended "to preempt and abolish any rights. . . that are equivalent to copyright and that extend to [copyrighted] works."  *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006) (citing H.R.Rep. No. 94–1476, at 130 (1976)).  Claims are preempted when (1) the work at issue comes within the subject matter of copyright and (2) the rights at issue are equivalent to the exclusive rights of copyright.  *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1114 (W.D. Wash. 2010).  Plaintiff's non-copyright claims must be dismissed with prejudice.

All plaintiffs' non-copyright claims lie squarely within the subject matter of copyright law because they all arise from, and expressly incorporate identical factual allegations related to, the alleged misuse of copyrighted works—Goggins' books.  *See, e.g.,* ECF 1 ¶¶ 133, 141, 156, 166, 177, 186, 198.  The incorporation of the exact factual allegations supporting the copyright claims into the other claims is, standing alone, a sufficient basis to dismiss of all those claims.  *See, e.g.*, *Meeco*, 2007 WL 1051259, at *2 (unjust enrichment claim preempted because "MEECO repeats and re-alleges paragraphs 1 through 35 of this Complaint as if fully set forth herein" for each claim and "Plaintiff cannot both expressly rely on the copyright allegations in its state law claims and

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 8
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

assert that the state law claims are outside copyright's subject matter for purposes of avoiding preemption."); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212–13 (9th Cir. 1998).

The various rights plaintiffs seek to vindicate are equivalent to copyright because each claim arises out of alleged unauthorized display and/or sale of the copyrighted content of Goggins' books.  The Copyright Act grants authors "exclusive rights" in copyrighted works, including the right to "reproduce" and "distribute" copyrighted materials, and prepare derivative works based on the copyrighted material.  *Oldcastle Precast, Inc.*, 2010 WL 2217910, at *2 (citing 17 U.S.C. § 106).  A state law claim based on these rights is preempted unless it explicitly relies on an "extra element" of the state law that makes the right asserted qualitatively different from those protected by the Copyright Act.  *Id.*  Here, plaintiffs' claims incorporate their copyright-based allegations, thus necessarily implicating equivalent rights, and they are not otherwise qualitatively different from copyright infringement claims, as further explained below.  *See Meeco Mfg. Co.*, 2007 WL 1051259 at *4 (claim preempted because "at bottom, both claims depend on the allegation that defendant displayed images of MEECO-labeled products").

### 1.   Goggins' PRA Claim.

Goggins' PRA claim asserts that using the cover photos of Goggins, and identifying him as the author of the infringing book copies, violates Goggins' right to control the use of his name, photograph, and likeness.  *See* RCW § 63.60.010.  This alleges no more, however, than that the books themselves, including related images, art, and text, are being copied.  Courts routinely find such claims preempted, as "clearly within the subject of copyright."  *See Aronson*, 738 F. Supp. 2d 1104, 1116 (dismissing PRA claim based on "the appropriation of Plaintiff's image, voice, and lyrics," which were found within a copyrighted home video, "in the documentary *Sicko*"); *see also Laws*, 448 F.3d at 1141, 1143 (affirming preemption of right of publicity claim based on incorporation of samples from plaintiff's copyrighted song and identifying her as author of samples).  The same holds true here.

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 9
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### 2.    Plaintiffs' Lanham Act Claim.

This claim is premised on Amazon allegedly misleading consumers into purchasing bootleg copies of Goggins' books "believing them to be authentic" when they were not.  *See* ECF 1 ¶ 154.  However, courts routinely dismiss Lanham Act claims when they are based on the underlying copying or misappropriation of a copyrighted work.  *See RDF Media Ltd.*, 372 F. Supp. 2d at 564-65 (dismissing Lanham Act claims based on the alleged use of copyrighted materials to create a competing show).  Because plaintiffs' allegations are based on copying the works themselves, and not on an independent false attribution of origin, the claim falls under the Copyright Act, not the Lanham Act.  *See id.*; *accord Design Gaps, Inc. v. Hall*, No. 3:23-CV-186-MOC, 2023 WL 8103156, at *7 (W.D.N.C. Nov. 21, 2023) (dismissing Lanham Act false advertising claim as preempted by the Copyright Act); *Whitehead v. CBS/Viacom, Inc.*, 315 F.Supp.2d 1, 13 (D.D.C.2004) ("An author may invoke copyright law to protect original expression in an entire work, not the Lanham Act."); *see also 1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition* § 6:5 (4th ed. 2004) ("If someone without permission reproduces the story [in a book], the remedy lies in copyright, not in trademark.").

### 3.    Plaintiffs' Tortious Interference Claim.

The gravamen of this claim is that unauthorized sales of Goggins' books on Amazon's website harmed plaintiffs' ability to contract with foreign publishers to sell the same books.  *See* ECF 1 ¶¶ 157-163.  However, the ability to sell (or display) these books is exclusively "protected under the Copyright Act," and there can be no tortious interference claim based on the infringement of that right.  For example, in *Oldcastle Precasting, Inc.*,  a designer and manufacturer of concrete products alleged that another manufacturer misappropriated its copyrighted drawings and used the drawings to defeat it in a competitive construction bid.  *Oldcastle Precast, Inc.*, 2010 WL 2217910, at *2.  A court in this district dismissed the claim as preempted and reasoned:  "This claim involves the essential elements of Plaintiff's Copyright Act claim.  That there may be other elements needed to prove the tortious interference claim as compared to the Copyright claim does not make the

rights qualitatively different" or "transform the nature of the action in any qualitative manner." *See id.* at *3. The same is true here. *See also Falcon Enterprises, Inc. v. FCI Inc.*, No. C07-0311-JCC, 2008 WL 11345883, at *1, *4 (W.D. Wash. Apr. 29, 2008) ("The gravamen of Plaintiffs' tortious interference claim is that Defendants wrongfully displayed Plaintiffs' images. . . . The exclusive right to display copyrighted works is protected under the Copyright Act. There is no additional element that changes the nature of this claim such that preemption would not apply.").

### 4.   Plaintiffs' Unjust Enrichment Claims.

For similar reasons, plaintiffs' unjust enrichment claims, based on Amazon's alleged "profit[] from the sale of bootleg copies" of the books, *see* ECF 1 ¶¶ 166-176, are also preempted. *See Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) (in copyright infringement cases, "claims for unjust enrichment are . . . generally preempted."); Oldcastle Precast, Inc., 2010 WL 2217910, at *2 (dismissing unjust enrichment claim on preemption grounds where the claim "is not qualitatively different than its claim for copyright infringement"); *see also Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1251 (W.D. Wash. 2007) (dismissing claim because "where the unjust enrichment arises from defendants' unauthorized use of a copyrighted work," the requirement to prove a benefit to the defendant "does not qualitatively change the rights at issue . . . and does not avoid preemption") (citations omitted).

### 5.   Plaintiffs' CPA Claim.

Like the Lanham Act claim, plaintiffs' CPA claim is based on Amazon allegedly permitting purchasers to believe they were purchasing genuine works rather than "unauthorized sales of bootleg copies." ECF 1 ¶¶ 198-213. As explained above, courts routinely dismiss such claims when they are based on underlying acts of copyright infringement. *See, e.g., Oldecastle Precast Inc.*, 2010 WL 2217910, at *2 (dismissing CPA claim as preempted despite allegations that the defendant "marketed the materials as its own and copied the parts numbers for the sole purpose of misleading the public" because "[t]he gravamen of Plaintiff's claim is still that Defendant copied and used its copyrighted materials"); *Blue Nile Inc.*, 478 F. Supp. 2d at 1249–50 (citations omitted)

1   ("CPA claim is [] preempted because despite plaintiff's assertion in its response that the claim

2   contains 'essential elements of deception, misrepresentation, and public interest impact,' this does

3   not change the underlying nature of the action in this case.").

### 6. Plaintiffs Cannot Avoid Preemption By Conclusory References to "Other Products."

6   Plaintiffs attempt to plead around preemption by vaguely asserting that their claims are

7   based on infringing book sales *and* the alleged sale of "other products that contain Plaintiffs'

8   intellectual property." *E.g.*, ECF 1, ¶¶ 136-140; 154; 167-173; 202; 208-213.  But while plaintiffs

9   dedicate nearly thirty paragraphs to their allegations that Amazon permitted infringement of the

10  copyrighted books, *see e.g.*, *id.* ¶¶ 78-102, 105-06, the *only* specific assertions plaintiffs make with

11  respect to "other products" are (1) that Amazon permitted sales of "summaries of [plaintiffs']

12  books, foreign translations of those books, biographies using Goggins' imagery, apparel, and other

13  products," *id.* ¶ 136, and (2) that plaintiffs located a "product listing on Amazon's website for a

14  bootleg version of Plaintiffs' shirt," *id.* ¶ 103.  These allegations fail to save their claims from

15  preemption.

16  As a threshold matter, claims based on infringement of summaries and foreign translations

17  of plaintiffs' books falls squarely within the subject matter of the Copyright Act, and are

18  preempted. *See* 17 U.S.C.A. § 101 (A "derivative work" protected by the Copyright Act "is a work

19  based upon one or more preexisting works, such as a *translation*, . . . *abridgment, condensation*,

20  or any other form in which a [copyrighted] work may be recast, transformed, or adapted.")

21  (emphasis added).  The reference to "biographies using Goggins' imagery" is so vague as to fail

22  to state a claim under Rule 8, but appears to refer either to bootleg copies of the books themselves,

23  or descriptions of the books associated with infringing sales, both of which likewise fall within the

24  Act.  *See id.*

25  With respect to "apparel, and other products," the only specifically pleaded product or

26  "apparel" is a single shirt.  ECF 1 ¶ 107.  But plaintiffs do not plead any intellectual property rights,

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 12
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

such as registered trademarks, in connection with that shirt.  Nor do plaintiffs allege that Amazon had any knowledge of, let alone directed or controlled, the allegedly infringing shirt listing.  These defects are fatal:  Conclusory legal statements that plaintiffs' intellectual property rights were harmed is insufficient to state a claim.  *See Ashcroft*, 556 U.S. at 678.

**B.     Plaintiffs' Claims Also Have Critical Pleading Deficiencies.**

In addition to preemption, each of plaintiffs' first, second, third, and seventh claims suffer from critical pleading deficiencies, further warranting dismissal.

**1.     Goggins Fails to State a Claim Under the PRA.**

Goggins' PRA claim further fails because Goggins does not allege that his name or likeness was used to falsely state or imply his endorsement.  *See Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.,* No. 2:19-CV-1458-DWC, 2020 WL 2795198, at *9 (W.D. Wash. May 29, 2020).  Here, Goggins' claim is that his name and image were copied as part of sales of bootleg copies of *his* works, not that someone used his name or image to falsely imply his endorsement of some product or work he had not, in fact, endorsed.  *See* ECF 1 ¶¶ 133-140.  This is insufficient. *See Enter. Mgmt. Ltd.*, 202 WL 2795198, at *9 (dismissing PRA claim where complaint failed to allege defendants' unauthorized use of a name suggested an endorsement); *Haglund v. Sawant*, 2018 WL 22216154, at *3 (W.D. Wash. May 15, 2018) (plaintiff failed to allege violation of personality rights because he did not allege use of name was to claim or state the plaintiff's endorsement); *Rescue v. Walters*, No. C20-5700JLR, 2021 WL 22591, at *9 (W.D. Wash. Jan. 4, 2021) (same); *Albustani v. Alger*, No. C22-5238JLR, 2022 WL 3213331, at *5 (W.D. Wash. Aug. 9, 2022) (same).

**2.     Plaintiffs Fail to State a Claim Under the Lanham Act.**

Plaintiffs' Lanham Act claim, in which they allege they were somehow harmed by Amazon's public statements, in April 2023, regarding its anti-counterfeiting efforts, is likewise deficient.  *See* ECF 1 ¶¶ 142-150.  To state a claim under the Lanham Act, Plaintiffs must identify "*false or misleading* representations of *fact*, not simply statements of *opinion*."  *Ariix, LLC v.*

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 13
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  *NutriSearch Corp.*, 985 F.3d 1107, 1121 (9th Cir. 2021) (emphasis added).  Reasonable consumers

2  understand that "[l]ofty but vague" statements concerning a company's values and

3  "commitment[s]"—which are "impervious to being 'quantifiable'"—are "classic, non-actionable

4  opinions," not representations of fact.  *See Prager Univ. v. Google LLC*, 951 F.3d 991, 1000 (9th

5  Cir. 2020) (YouTube's statements that "people should be able to speak freely" and that it will

6  "help [viewers] grow" and "discover what works best" was "non-actionable opinion"); *see also In*

7  *re Ford Motor Co. Sec. Litig., Class Action*, 381 F.3d 563, 570 (6th Cir. 2004) (Ford's statements

8  that it "want[s] to make customers' lives ... safer" and has "dedicated ... [itself] to finding even

9  better ways of delivering ... safer vehicles" were non-actionable opinions).

10      Plaintiffs' Lanham Act claims are based on statements that do no more than express

11  Amazon' general, and sincere, commitment to "monitor[ing]," "invest[ing], and innovat[ing]" to

12  prevent counterfeiting.  *See* ECF 1 ¶¶ 142-150; *Prager*, 951 F.3d 991, 1000.  Plaintiffs apparently

13  disagree with Amazon's opinion that it strives to offer the "*most* trustworthy" shopping experience,

14  monitors its website "*continuously*," and acts "*quickly*" when it finds counterfeiting.  *See id.* ¶¶

15  145, 146, 148 (emphasis added).  However, the language upon which plaintiffs rely on is

16  "subjective," and not "quantified,": and thus plaintiffs have not alleged Amazon made false or

17  misleading representations of *fact*.  *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv.*

18  *Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (dismissing Lanham Act false advertising claim without

19  leave to amend where statements at issue were nonactionable).

20      Even if plaintiffs could identify an actionable representation of fact by Amazon—which

21  they cannot—their claims would be subject to dismissal because they do not allege any plausible

22  connection between their alleged harm—loss of book sales due to infringing sales between June

23  2019 and October 2023—and the statements made in Amazon's April 2023 Brand Protection

24  Report, years after most of the allegedly infringing sales took place.  *See* ECF 1 ¶ 154; *Telecredit*

25  *Services Corp. v. Electronic Transaction Corp.*, 974 F.3d 1343 (9th Cir. 1992).

26

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 14
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### 3.    Plaintiffs Fail to State a Claim for Tortious Interference.

To state a claim for tortious interference, plaintiffs must plead: (1) the existence of a valid contractual relationship or business expectancy; (2) defendant's knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendant interfered for an improper purpose or used improper means; and (5) resultant damage. *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 969 (W.D. Wash. 2022).

Plaintiffs allege that GBNB has contractual agreements with 28 foreign publishers for *Can't Hurt Me* and 9 foreign publishers for *Never Finished*, that "Amazon had knowledge of the same or similar relationships through its correspondence with Plaintiffs and their representatives;" and that "Amazon's bootleg sales of foreign language versions of *Can't Hurt Me* and *Never Finished* intentionally interfere with Plaintiffs' expectancy to enter into contracts with third parties as well as GBNG's [*sic*] contractual relationship(s), causing a breach of the relationship or expectancy." ECF 1 ¶¶ 159-61.  However, these allegations are conclusory, supported by no well-pleaded facts anywhere in plaintiffs' complaint, and thus subject to dismissal. *See Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169, 1191 (W.D. Wash. 2019) (dismissing interference claim where "Bombardier provides no factual allegations to show that any breach of this business expectancy actually occurred"); *Amazon.com Servs. LLC.*, 631 F. Supp. 3d at 969 (dismissing interference claim where "Paradigm fails to allege that Amazon knew of its contracts with SkyMed or VRG" with sufficient factual support").

### 4.    Plaintiffs Fail to State a Claim Under the CPA

As with the Lanham Act, plaintiffs fail to assert a plausible CPA claim (RCW section 19.86.010 *et seq.*) because they fail to allege a causal link between the alleged unfair acts—the April 2023 Amazon Brand Protection Report—and plaintiffs' alleged lost book sales between 2019 and 2023. *See Wade Cook Seminars, Inc. v. Mellon*, 95 Wash. App. 1008 (1999).  Plaintiffs' conclusory allegation that they were "damaged by Amazon's literally false or impliedly false

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 15
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

statements, including by lost sales and harm to reputation" (ECF 1 ¶ 212) is not supported by any facts alleging "a causal link existed between the unfair acts and injury" and the claim must be dismissed. *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1188 (W.D. Wash. 2010); *see also Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (W.D. Wash. 2012) (dismissal of CPA claim where plaintiff failed to outline the alleged injury she suffered with adequate specificity). Moreover, as explained *supra*, Amazon's statements in the Brand Protection Report are non-actionable opinions, and do not create a warranty that every single product sold on Amazon is non-infringing.

### C.    Plaintiffs Fail to Plead Any Facts to Support Goggins, LLC's Claims

Finally, the Court should dismiss all of Goggins, LLC's claims because plaintiffs allege *no* facts whatsoever specific to it, thereby failing to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8. The sole facts alleged specifically with respect to Goggins, LLC, are that it is a "Delaware Limited Liability Company with a principal place of business in Nevada" and that it is one of Goggins' "businesses." ECF 1 ¶¶ 23, 33. Goggins, LLC, identifies no intellectual property, name and likeness, or contractual rights held by it, and offers no factual basis whatsoever for its claims that it has been damaged by Amazon. To the contrary, the complaint asserts that *Goggins* holds the relevant claimed name and likeness rights, and that *GBNB* holds the relevant claimed copyright and contractual rights. ECF 1 ¶¶ 33-34, 37, 41, 159. Thus, the Court should dismiss all claims brought by Goggins, LLC for failure to state a claim. *King v. Bank of Am.*, N.A., No. C15-1014-TSZ, 2015 WL 12930129, at *5 (W.D. Wash. Dec. 28, 2015) (dismissing claims with inadequate factual allegations where "Plaintiff has failed to allege with particularity facts satisfying the elements of these predicate acts for each defendant" and quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint merely to lump multiple [parties] together but require[s] plaintiffs to differentiate their allegations" in order to survive dismissal).

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 16
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    **V.    CONCLUSION**

2         For the foregoing reasons, Amazon respectfully requests that this Court dismiss plaintiffs'

3    first, second, third, fourth, and seventh claims and all claims asserted by Goggins, LLC.

4

5    Dated this 11th day of April, 2024.

6

7                                              *I certify that this motion contains 3,888 words, in*
                                               *compliance with the Local Civil Rules.*

8

9                                              **MORGAN, LEWIS & BOCKIUS LLP**

10                                             By: *s/ Damon Elder*
                                               Damon C. Elder, WSBA No. 46754

11                                             1301 Second Avenue, Suite 3000
                                               Seattle, WA 98101

12                                             Telephone: (206) 274-6400
                                               Email: damon.elder@morganlewis.com

13

14                                             **LATHAM & WATKINS LLP**

15                                             Jessica Stebbins Bina (Cal. Bar. No. 248485)
                                               *Admitted pro hac vice*

16                                             10250 Constellation Blvd, Suite 1100
                                               Los Angeles, CA 90071

17                                             Telephone: (424) 653-5509
                                               Email: jessica.stebbinsbina@lw.com

18                                             *Attorneys for Defendant Amazon.com, Inc.*

19

20

21

22

23

24

25

26

DEFENDANT AMAZON.COM, INC.'S MOTION
TO DISMISS - 17
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401