THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOGGINS, GOGGINS BUILT NOT BORN, LLC, and GOGGINS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC,<br><br>Defendants. | Case No. 2:24-cv-00257-JNW<br><br>**DEFENDANTS AMAZON.COM, INC.'S AND AMAZON.COM SERVICES, LLC'S SECOND MOTION TO COMPEL ARBITRATION AND STAY CASE PENDING ARBITRATION**<br><br>*[Motion to Dismiss; Motion to Stay Discovery; and Declaration of Jessica Stebbins-Bina filed concurrently herewith]*<br><br>**NOTE ON MOTION CALENDAR:**<br>**July 26, 2024** |

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION

Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF CONTENTS

I. INTRODUCTION .......... 5

II. FACTUAL BACKGROUND .......... 5

A. Goggins Published And Sold His Books On Amazon Through Two Programs. .......... 5

B. Goggins Agreed To Arbitrate Disputes With Amazon. .......... 6

C. GBNB Agreed To Arbitrate Disputes With Amazon. .......... 7

D. Plaintiffs Filed This Action Despite Agreeing To Arbitrate. .......... 7

III. ARGUMENT .......... 8

A. The Court Should Compel Arbitration of All Plaintiffs' Claims. .......... 8

1. Goggins And GBNB Agreed To Arbitrate. .......... 9

2. Contract And Agency Principles Require Goggins, LLC To Arbitrate. .......... 11

a. Goggins, LLC Is Bound By Agreements Entered Into By Its Agents. .......... 11

b. Goggins, LLC Is Equitably Estopped From Avoiding Arbitration Under Agreements It Directly Benefits From And Relies On. .......... 12

3. The Scope Of Arbitration Must Be Determined By The Arbitrator. .......... 13

4. All of Plaintiffs' Claims Are Subject To Arbitration. .......... 14

B. The Court Should Stay The Case Pending Arbitration Of Plaintiffs' Claims. .......... 16

IV. CONCLUSION .......... 16

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Ballard v. Corinthian Colleges, Inc.*,
    No. C06-5256 FDB, 2006 WL 2380668 (W.D. Wash. Aug. 16, 2006) ............................17, 18

*Bancroft v. Minnesota Life Ins. Co.*,
    329 F. Supp. 3d 1236 (W.D. Wash. 2018), *aff'd*, 783 F. App'x 763 (9th Cir. 2019) ..............11

*Bennett v. T-Mobile USA, Inc.*,
    No. 2:22-CV-01805-LK, 2024 WL 229580 (W.D. Wash. Jan. 22, 2024)........................13, 14

*Berman v. Freedom Fin. Network, LLC*,
    30 F.4th 849 ...............................................................................................................................10

*BioOrigyn, LLC v. Fairhaven Health, LLC*,
    No. 2:20-CV-00285-RAJ, 2021 WL 2255122 (W.D. Wash. June 3, 2021).............................17

*Boland v. Amazon.com Sales, Inc.*,
    628 F. Supp. 3d 595 (D. Md. 2022)..........................................................................................15

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) ..................................................................................................15

*Caremark, LLC v. Chickasaw Nation*,
    43 F.4th 1021 (9th Cir. 2022) ...................................................................................................10

*Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*,
    135 Wash. App. 760 (2006).......................................................................................................11

*Cato Sales & Trading v. Cosmo Specialty Fibers, Inc.*,
    No. C14-5549 BHS, 2015 WL 6118189 (W.D. Wash. Oct. 16, 2015) ...................................11

*Comer v. Micor, Inc.*,
    436 F.3d 1098 (9th Cir. 2006) ............................................................................................10, 12

*Crown Controls, Inc. v. Smiley*,
    110 Wash. 2d 695 (1988)..........................................................................................................12

*Dana v. Boren*,
    133 Wash. App. 307 (2006)......................................................................................................12

*David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. Ltd. Liab. Co.*,
    13 Wash. App. 2d 159 (2020)............................................................................................13, 14

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 2
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Ekin v. Amazon Servs., LLC*,
   84 F. Supp. 3d 1172 (W.D. Wash. 2014).................................................................................17

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
   586 U.S. 63 (2019).............................................................................................................15, 16

*In re Wyze Data Incident Litgation*,
   No. C20-0282-JCC, 2020 WL 6202724 (W.D. Wash. Oct. 22, 2020)...................................11

*Jastremski v. Smith Barney, Inc.*,
   No. 94-0495-R (BTM), 1994 WL 777206 (S.D. Cal. Oct. 24, 1994)......................................17

*Kamin Health LLC v. Halperin*,
   No. 20CV05574DGRML, 2021 WL 964949, (E.D.N.Y. Mar. 15, 2021) ..............................14

*Keystone Land & Dev. Co. v. Xerox Corp.*,
   152 Wash. 2d 171 (2004)........................................................................................................11

*Knapke v. PeopleConnect, Inc*,
   38 F.4th 824 (9th Cir. 2022) ...................................................................................................10

*Kramer v. Toyota Motor Corp.*,
   705 F.3d 1122 (9th Cir. 2013) ................................................................................................10

*Lagrone v. Advanced Call Ctr. Techs., LLC*,
   No. C13-2136JLR, 2014 WL 4966738 (W.D. Wash. Oct. 2, 2014)........................................16

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)....................................................................................................................17

*Peters v. Amazon Servs. LLC*,
   2 F. Supp. 3d 1165 (W.D. Wash. 2013), *aff'd*, 669 F. App'x 487 (9th Cir. 2016) ..................17

*Point Ruston, LLC v. Kunitsa*,
   No. 57577-9-II, 2024 WL 242865 (Wash. Ct. App. Jan. 23, 2024) .......................................12

*Reichert v. Rapid Invs., Inc.*,
   56 F.4th 1220 (9th Cir. 2022) .................................................................................................11

*Simula, Inc. v. Autoliv, Inc.*,
   175 F.3d 716 (9th Cir. 1999) ..................................................................................................16

*Townsend v. Quadrant Corp.*,
   173 Wash. 2d 451 (2012)........................................................................................................13

*United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*,
   46 F. App'x 412 (9th Cir. 2002).............................................................................................17

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 3
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Univar USA, Inc. v. Haas TCM, Inc.*,
  No. C09-344 RSM, 2009 WL 2406332 (W.D. Wash. Aug. 3, 2009) ........................................ 12

*Valeo Intell. Prop., Inc. v. Data Depth Corp.*,
  368 F. Supp. 2d 1121 (W.D. Wash. 2005) ............................................................................. 10

*ValueSelling Assocs., LLC v. Temple*,
  No. 09 CV 1493 JM, 2009 WL 3736264 (S.D. Cal. Nov. 5, 2009) ........................................ 16

*Vogel v. Vogel*,
  No. CV140033DSFJEMX, 2014 WL 12575815 (C.D. Cal. June 23, 2014) ........................... 17

*Weimin Chen v. Sierra Trading Post, Inc.*,
  No. 2:18-CV-1581-RAJ, 2019 WL 3564659 (W.D. Wash. Aug. 6, 2019) ............................. 15

**STATUTES**

6 Del. C. §§ 18-402 ............................................................................................................................ 12

9 U.S.C. § 3 ....................................................................................................................................... 17

RCW § 25.15.154(2)(a) ..................................................................................................................... 12

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 4
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## I. INTRODUCTION

Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon") respectfully request that the Court compel plaintiffs David Goggins ("Goggins"), Goggins Built Not Born, LLC ("GBNB"), and Goggins, LLC, to arbitrate all claims in their Amended Complaint. Goggins and GBNB each entered into agreements to sell Goggins' books on Amazon's website, and the agreements contain broad arbitration provisions that delegate disputes about their scope to an arbitrator. The only issue for this Court is whether the agreements satisfy the basic requirements for contract formation. There is no question that they do, as plaintiffs admit through their pleadings.

Goggins, LLC—which was created by Goggins to hold his trademarks—is not named in the agreements, but is bound by them through agency principles and equitable estoppel. Goggins and GBNB each agreed to license trademarks related to Goggins' books to Amazon. They could not have done this unless they were authorized to act as agents with the power to bind Goggins, LLC—of which Goggins is the sole member. Moreover, Goggins, LLC directly benefits from Goggins and GBNB's agreements to sell books that use its trademarks. All of plaintiffs' claims must be arbitrated, and the Court should stay this action pending arbitration.

## II. FACTUAL BACKGROUND

### A. Goggins Published And Sold His Books On Amazon Through Two Programs.

Goggins is the author of two books, *Can't Hurt Me* and *Never Finished*. Amended Complaint, ECF 33, ¶¶ 32-36. Goggins is also the sole member of two companies involved in monetizing these books and related intellectual property, GBNB and Goggins, LLC. *Id.* ¶¶ 12-13, 30; ECF 9. GBNB allegedly owns the books' copyrights, while Goggins, LLC owns various associated trademarks. *See Id.* ¶¶ 40-46, 205, 218; Ex. 3-4.

Goggins and GBNB sell and distribute Goggins' books through two programs offered by Amazon. Goggins sells paperback and digital editions of the books through Kindle Direct

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 5
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Publishing ("KDP"). Bangs Decl. ¶ 8; Original Complaint, ECF No. 1 ¶ 38.[1] GBNB sells hardcover editions through Amazon Advantage ("Advantage"). Bangs Decl. ¶ 15; ECF No. 33 ¶¶ 96-99. Goggins' and GBNB's relationships with Amazon and its affiliates are governed by two contracts: the Terms and Conditions for the KDP program and the Advantage membership agreement.[2] Bangs Decl., Exs. 2, 4. These agreements supersede Amazon's general Conditions of Use, which provide that the terms for specific services, such as Advantage and KDP, "will control" if they are "inconsistent." ECF 33, Ex. 1 at 1.

### B.  Goggins Agreed To Arbitrate Disputes With Amazon.

Goggins agreed to arbitrate his disputes with Amazon on August 27, 2018, when he created an account for the KDP program and accepted its Terms and Conditions (the "Original KDP Terms"). These terms provided that "[a]ny dispute or claim relating in any way to this Agreement or KDP will be resolved by binding arbitration, rather than in court." Bangs Decl., Ex. 1 ¶ 10.1. They further provided that "[t]he arbitration will be conducted by the American Arbitration Association (AAA) under its rules," and included the AAA's website, *www.adr.org*, and its phone number. *Id.*; *see also* Bina Decl., Ex. 2 (AAA Consumer Arbitration Rules).

Amazon occasionally updates the terms for its programs, and it reserved the right to do so in its "sole discretion" in the Original KDP Terms. Bangs Decl., Ex. 1 ¶¶ 2, 2.1. The Original KDP Terms were also subject to termination "at any time" by either party. *Id.* ¶ 3. Amazon updated the KDP Terms on November 8, 2023 (the "Current KDP Terms"), and notified Goggins of the new Terms by posting them on the KDP website with a header noting "Last Updated: November 8, 2023." Bangs Decl. ¶ 6; Ex. 2. Like the Original KDP Terms, the Current KDP

---

[1] References to "Bangs Decl." are to the Declaration of Jonathan Bangs filed in support of Amazon's original motion on April 11, 2024, ECF 24. The Bangs Declaration is attached as Exhibit 1 to the accompanying Declaration of Jessica Stebbins Bina ("Bina Decl.").

[2] As explained below, these agreements also govern Goggins, LLC's relationship with Amazon.

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 6
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Terms provide for arbitration of "[a]ny dispute or claim relating in any way to this Agreement or KDP." *Id.*, Ex. 2 ¶ 10.1.[3]

### C. GBNB Agreed To Arbitrate Disputes With Amazon.

Goggins applied to join the Amazon Advantage program on September 1, 2018, and agreed to the related membership agreement in effect at that time, which had last been updated on October 1, 2017 (the "Original Advantage Agreement"). Bangs Decl. ¶ 10; Ex. 3. Goggins later updated his Advantage account to use the name of his business, GBNB. *Id.* ¶ 10.

Like the KDP Terms, the Original Advantage Agreement allowed Amazon to change its terms "in [its] sole discretion." *Id.*, Ex. 3 ¶ 17. The Original Advantage Agreement was also subject to termination "at any time, with or without cause" by either party. *Id.* ¶ 18.

The Advantage Agreement was most recently updated on November 14, 2022 (the "Current Advantage Agreement"). Bangs Decl. ¶ 12; Ex. 4. Amazon notified GBNB of the updated agreement by posting a "News" item to the Advantage website for one month after the update, from November 14, 2022 to December 14, 2022, stating that Amazon had "changed the dispute resolution mechanism to arbitration." *Id.* ¶ 13; Ex. 5. The "News" item also included a link to the Advantage "Resource Center" page, where members could view the new agreement. *Id.* During this one month timeframe, GBNB logged into its Advantage account 138 times. *Id.* ¶ 14.

The Current Advantage Agreement includes an arbitration provision similar to the one included in the Current KDP Terms, providing that "[a]ny dispute or claim relating in any way to this Agreement or Advantage will be resolved by binding arbitration" under the AAA's "Commercial Arbitration Rules." *Id.*, Ex. 4 ¶ 21.

### D. Plaintiffs Filed This Action Despite Agreeing To Arbitrate.

Despite agreeing to arbitration, Goggins and GBNB filed their original Complaint in this action asserting claims against only Amazon.com, Inc., and failed to identify any factual basis for

---

[3] The arbitration now proceeds "under [the AAA's] Commercial Arbitration Rules," rather than the "Supplementary Procedures for Consumer-Related Disputes." Bangs Decl., Ex. 2 ¶ 10.1.

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 7
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Goggins, LLC's claims.  ECF 1 ¶¶ 1–5, 23, 33, 38.  After Amazon simultaneously moved to compel arbitration and dismiss, plaintiffs filed their Amended Complaint adding Amazon.com Services, LLC ("Amazon Services") as a defendant and adding new trademark claims on behalf of Goggins, LLC.  ECF 33.[4]

The Amended Complaint alleges that because "Amazon was the only party permitted to sell new hard cover parties of *Can't Hurt Me*," Amazon was in "the unique position" of knowing that "any third-party sales of the [book] were unauthorized and not legitimate.  *Id.* ¶¶ 103, 105.  Plaintiffs also allege that both authorized and unauthorized copies of Goggins' books were sold under the same Amazon listings and "commingled" in Amazon's warehouses. *Id.* ¶¶ 55, 108, 123.  On the basis of these allegations (and others):

- Goggins alleges violations of the Washington Personality Rights Act by Amazon Services;
- GBNB alleges contributory and vicarious copyright infringement by Amazon Services;
- Goggins, LLC alleges trademark infringement (direct and contributory), false designation of origin, and unfair competition against Amazon Services; and
- All plaintiffs allege false advertising, violation of the Washington Consumer Protection Act, and unjust enrichment against both Amazon Services and Amazon.com, Inc.

*See* ECF 33 ¶¶ 196-203, 204-32, 233-301, and 302-370.

### III. ARGUMENT

#### A. The Court Should Compel Arbitration of All Plaintiffs' Claims.

The Federal Arbitration Act makes arbitration agreements within its scope "valid, irrevocable, and enforceable" and "limits the court['s] role" in ruling on a motion to compel arbitration to deciding whether there is (1) "a valid arbitration agreement" that (2) "encompasses

---

[4] As Amazon explained previously, plaintiffs erroneously named Amazon.com, Inc.  Amazon.com, Inc. does not operate the websites at issue; the relevant entity is Amazon.com Services LLC.  However, Goggins and GBNB agreed to arbitrate disputes with Amazon Services and its "affiliates," which includes its parent, Amazon.com, Inc.  *See* ECF 33 at 1, ¶ 15.

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 8
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

the dispute at issue." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (citations omitted). The Court's role is further limited if the parties' agreements contain a "delegation" clause (as they do here). Such a clause delegates decisions about the scope of the arbitration agreement to the arbitrator, rather than a court. *See Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022). The Court is thus left to only determine the first issue, *i.e.*, whether: [1] the parties "formed" the relevant contracts; [2] those contracts apply to any nonsignatory parties; and [3] the delegation clause is enforceable. *See id.*; *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (nonsignatories). These issues are governed by Washington state law. *See Berman*, 30 F.4th 849, 855 (contract formation); *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 831 (9th Cir. 2022) (nonsignatory).[5]

As discussed below, Goggins and GBNB formed arbitration agreements with Amazon, and Goggins, LLC is bound by these agreements under "ordinary contract and agency principles." *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). Because the arbitration agreements contain enforceable delegation clauses, "all arguments going to the scope or enforceability of the arbitration provision are for the arbitrator to decide" and are thus irrelevant to this motion. *See Caremark*, 43 F.4th at 1030. Nevertheless, and to be clear, all of plaintiffs' claims are related to books published, sold, and distributed through Amazon, and they are therefore well within the scope of the broad arbitration provisions included in the agreements governing these activities.

### 1. Goggins And GBNB Agreed To Arbitrate.

Under Washington law, the requirements for contract formation are: (1) "mutual assent;" and (2) "consideration." *Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022), *citing Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wash.2d 171, 177–78 (2004). A party manifests assent by clicking on a button or checking a box on a website. *See, e.g.*, *In re Wyze Data Incident*

---

[5] Washington law applies because the parties agreed it would, Bangs Decl. Exs. 1 ¶ 10.2; 2 ¶ 10.2; 3 ¶ 14(a); 4 ¶ 24(a), and choice-of-law rules require the same. *See Valeo Intell. Prop., Inc. v. Data Depth Corp.*, 368 F. Supp. 2d 1121, 1125 n. 1 (W.D. Wash. 2005).

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 9
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Litgation*, No. C20-0282-JCC, 2020 WL 6202724, at *2 (W.D. Wash. Oct. 22, 2020).  Assent is also manifested by continued performance after receiving reasonable notice of changes.  *See Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*, 135 Wash. App. 760, 768-69, 771 (2006) ("terminable-at-will contract" may be "unilaterally modified" on reasonable notice); *Cato Sales & Trading v. Cosmo Specialty Fibers, Inc.*, No. C14-5549 BHS, 2015 WL 6118189, at *3 (W.D. Wash. Oct. 16, 2015) (continued performance constituted acceptance of modification).

Even after Amazon moved to compel arbitration, Goggins and GBNB continue to admit that they "entered into" the agreements governing the KDP and Advantage programs, without alleging that they are invalid or unenforceable.  *See* ECF 33 ¶¶ 96, 101.  That is sufficient to end the inquiry and compel this matter to arbitration.  *See Bancroft v. Minnesota Life Ins. Co.*, 329 F. Supp. 3d 1236, 1255 n.15 (W.D. Wash. 2018) ("Factual assertions in pleadings, unless amended, are considered judicial admissions binding on the party who made them.  Such admissions, which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact, are binding on both the parties and the court."), *aff'd*, 783 F. App'x 763 (9th Cir. 2019) (internal citations and quotations omitted).

While Goggins' and GBNB's admissions are sufficient to bind them to arbitration, Amazon's records also establish that Goggins agreed to the Original KDP Terms as part of the KDP account creation process, and he agreed to the Current KDP Terms by continuing to perform after receiving notice of them.  Bangs Decl. ¶¶ 5-6, 8; Ex. 1 ¶¶ 2, 2.1.  Similarly, GBNB agreed that Amazon could unilaterally modify the Original Advantage Agreement, *id.* ¶ 10-11; Ex. 3 ¶ 17, and agreed to the Current Advantage Agreement by continuing to perform after receiving actual and constructive notice of modifications.  *See id.* ¶¶ 11-15; Ex. 3 ¶¶ 17, 18.  Both versions of the KDP Terms, and the Current Advantage Agreement, contain arbitration provisions.  Bangs Decl., Ex. 1 ¶ 10.1; Ex. 2 ¶ 10.1; Ex. 4 ¶ 21.  And these agreements are supported by valuable

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 10
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

consideration, including promises by Amazon to make payments for books sold on its website. *See id.*, Ex. 2 ¶ 5.4.1; Ex. 4 ¶ 8.  Goggins and GBNB must honor those agreements and arbitrate.

        **2.**        **Contract And Agency Principles Require Goggins, LLC To Arbitrate.**

Goggins, LLC did not sign the KDP Terms or Advantage Agreement.  But it is nonetheless bound by those arbitration agreements under "ordinary contract and agency principles." *Comer*, 436 F.3d 1098, 1101.  These principles include "[1] incorporation by reference; [2] assumption; [3] agency; [4] veil-piercing/alter ego; and [5] estoppel." *Id.*  At a minimum, agency principles and equitable estoppel require Goggins, LLC, to arbitrate its claims against Amazon in this action.

        a.        *Goggins, LLC Is Bound By Agreements Entered Into By Its Agents.*

Goggins, LLC, is bound by Goggins' and GBNB's agreement to arbitrate under traditional agency principles. Under Washington law, an "undisclosed" principal is bound by a contract "made through an agent on [its] behalf." *Dana v. Boren*, 133 Wash. App. 307, 311 (2006); *Crown Controls, Inc. v. Smiley*, 110 Wash.2d 695, 706 (1988).  Thus, a nonsignatory corporation can be compelled to arbitrate under an agreement signed by its officer. *See Univar USA, Inc. v. Haas TCM, Inc.*, No. C09-344 RSM, 2009 WL 2406332, at *2 (W.D. Wash. Aug. 3, 2009).  Similarly, an LLC can compelled to arbitrate under an "agency theory" when it is "related to the parties," such as through the common control of multiple LLCs by one member. *See Point Ruston, LLC v. Kunitsa*, No. 57577-9-II, 2024 WL 242865, at *9-10 (Wash. Ct. App. Jan. 23, 2024).

Here, Goggins is the sole member of both Goggins, LLC, and GBNB, and he is authorized to act on their behalf. *See* ECF 9; ECF 33 ¶¶ 12-13; 6 Del. C. § 18-402 (Delaware law); *accord* RCW 25.15.154(2)(a) (Washington law).  As the sole member of these entities, he must have been acting on their behalf when he accepted the KDP Terms and Advantage Agreement:  These agreements involved the licensing of trademarks owned by Goggins, LLC and copyrights owned by GBNB.[6]  Further, they required Goggins, LLC's involvement, as they required Goggins and

---

[6] *See* Bangs Decl., Ex. 1 § 5.5(d)(i) (license to "display and distribute . . . your trademarks and logos"); Ex. 2 § 5.5(e) (license to "use, reproduce, adapt, modify, and distribute . . . any [] product description, information or images that

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 11
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

GBNB to "represent and warrant" that they had "full authority to grant the licenses" to trademarks owned by Goggins, LLC. *See* Bangs Decl., Ex. 1 § 5.8; Ex. 2 § 5.8, Ex. 3 § 12, Ex. 4 § 12. Thus, Goggins, LLC must arbitrate claims arising from the same trademark rights it licensed to Amazon under these agreements. *See, e.g.,* ECF 33 ¶¶ 91, 106, 128, 132, 136, 239, 266-267 (asserting direct trademark infringement claims based on Amazon Services' use of "images," the "title[s]," "reviews," and other "product details" and "product information" about Goggins' books, including "Goggins' biographies," and his "name, photograph, and likeness").

      b. *Goggins, LLC Is Equitably Estopped From Avoiding Arbitration Under Agreements It Directly Benefits From And Relies On.*

  Equitable estoppel "precludes a party from claiming the benefit of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Townsend v. Quadrant Corp.*, 173 Wash. 2d 451, 461 (2012) (internal quotation omitted). A nonsignatory may be compelled to arbitrate under an equitable estoppel theory when it "knowingly exploit[s] the benefits of the agreement and receive[s] benefits flowing directly from the agreement." *See Bennett v. T-Mobile USA, Inc.*, No. 2:22-CV-01805-LK, 2024 WL 229580, at *6 (W.D. Wash. Jan. 22, 2024). Washington courts apply equitable estoppel to nonsignatories who "knowingly exploit" an arbitration agreement by bringing noncontract claims "intimately tied" to the agreement. *See, e.g.*, *David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. Ltd. Liab. Co.*, 13 Wash. App. 2d 159, 165-66 (2020) (compelling arbitration of fraud, unjust enrichment, and conversion claims).

  A New York district court applied equitable estoppel to compel arbitration in a case involving strikingly similar facts. *Kamin Health LLC v. Halperin*, like this case, involved claims brought by an entity, Kamin Health LLC, that held trademarks for its owner. No.

---

you make available in connection with Books"); Ex. 3 § 11 (license to "use, reproduce, perform, display, distribute and prepare derivative works from . . . all available information about each" book, including "artwork," "promotional photographs," "author bios," "title page information," "reviews," "complete Product descriptions," and "any other materials concerning the" book); Ex. 4 § 11; ECF 33 ¶¶ 41-46 ("Goggins has also developed his own brand [] under which he offers the Goggins Books," and Goggins, LLC owns the associated trademark rights).

DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION AND STAY CASE PENDING COMPLETION OF ARBITRATION - 12
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

20CV05574DGRML, 2021 WL 964949, at *1-2 (E.D.N.Y. Mar. 15, 2021).  The owner agreed, through an affiliated entity, to license the trademarks and arbitrate related disputes.  *Id.* at *2-3.  The court held that Kamin Health was bound by the arbitration agreement through equitable estoppel, because it would not have acquiesced in the licensing of its marks unless it "directly benefitted" from that agreement, which "enhance[ed] the strength and reach of its brand."  *Id.* at *6-7.

Here too, Goggins, LLC is bound by the KDP Terms and Advantage Agreement because it directly benefitted from allowing Goggins' books to be sold on Amazon to strengthen its brand.  *See Bennett*, 2024 WL 229580, at *6; *Kamin Health*, 2021 WL 964949, at *6-7.  Indeed, Goggins, LLC *admits* it receives proceeds from Goggins' books.  *See, e.g.*, ECF 33 ¶¶ 144 ("Plaintiffs stood to gain" from "legitimate sales of the Goggins Books"); 317 ("Plaintiffs should have benefits from" sales of "Unauthorized Goggins Books").  Furthermore, Goggins, LLC's claims are "intimately tied" to these agreements, because it relies on those agreements to plead the knowledge required for contributory infringement.  *See* ECF 33 ¶¶ 103, 105, 110, 111; *David Terry*, 13 Wash. App. 2d at 165-66.  Because Goggins, LLC has accepted the financial and reputational benefits of the KDP Terms and Advantage Agreements, and relied on those agreements to assert its claims, it cannot escape arbitration.

### 3. The Scope Of Arbitration Must Be Determined By The Arbitrator.

The Court need not decide whether plaintiffs' specific claims are within the scope of the arbitration agreements, because the parties delegated that decision to an arbitrator.  The arbitration clauses each refer to the rules of the "American Arbitration Association."  Bangs Decl., Ex. 2 ¶ 10.1 (Current KDP Terms); Ex. 4 ¶ 21 (Current Advantage Agreement); *see also id.*, Ex. 1 ¶ 10.1 (Original KDP Terms).  The AAA rules empower the arbitrator, rather than this Court, to rule on "any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, *without any need to refer such matters first to a*

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 13
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*court.*" *See* Bina Decl., Ex. 3 at 14, R-7 (AAA Commercial Division Rules) (emphasis added); *see also id.*, Ex. 2 at 17, R-14 (AAA Consumer Rules). As a result, the Ninth Circuit has held that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Weimin Chen v. Sierra Trading Post, Inc.*, No. 2:18-CV-1581-RAJ, 2019 WL 3564659, at *4 (W.D. Wash. Aug. 6, 2019).

Because plaintiffs agreed to delegate decisions about arbitrability to an arbitrator, the Court "possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019). Thus, as a court in another district observed when enforcing *the very same KDP Terms* at issue in this case, the Court need not and "cannot" address arguments that "claims fall outside of the scope of the [arbitration agreement]" or rule on "challenges to the validity of the parties' contract *as a whole*." *See Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 600-01 (D. Md. 2022) (emphasis in original) (granting Amazon's motion to compel arbitration of copyright, trademark, and unjust enrichment claims by self-published author for alleged unauthorized third party listings under KDP Terms).

### 4. All of Plaintiffs' Claims Are Subject To Arbitration.

While the Court need not even consider arguments as to scope, it is evident that the broad arbitration provisions plaintiffs agreed to require arbitration of all claims. Both the Original and Current KDP Terms and Conditions require arbitration of "*[a]ny* dispute or claim *relating in any way* to this Agreement or KDP." Bangs Decl., Exs. 1 ¶ 10.1 (emphasis added); 2 ¶ 10.1 (emphasis added). The Current Advantage Agreement similarly requires for arbitration of "*[a]ny* dispute or claim *relating in any way* to this Agreement or Advantage." *Id.*, Ex. 4 ¶ 21 (emphasis added). Courts interpret this type of broad language to extend to all claims that have "a significant relationship" to the relevant contract or "their origin or genesis in the contract," including those based on "factual allegations" that "'touch matters' covered by the contract." *See Simula, Inc. v.*

DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION AND STAY CASE PENDING COMPLETION OF ARBITRATION - 14
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999); *Lagrone v. Advanced Call Ctr. Techs., LLC*, No. C13-2136JLR, 2014 WL 4966738, at *7 (W.D. Wash. Oct. 2, 2014) ("relating to" is given a "'broad' interpretation" under *Simula*).

Plaintiffs' claims easily satisfy this liberal standard because they are related to, and touch on, Amazon's KDP and Advantage programs and their governing agreements: All of plaintiffs' claims, including Goggins, LLC's trademark claims, arise from alleged unauthorized third party sales of the books that Goggins and GBNB published and sold through the KDP and Advantage programs. *See* ECF 33 ¶¶ 201, 207, 220, 241, 252, 268-69, 281, 290, 296, 317, 336, 351, 369 (referencing "Unauthorized Books"). Indeed, plaintiffs do not allege that they notified Amazon of any infringing products other than unauthorized copies of Goggins' books, such as the two allegedly infringing t-shirts that they have belatedly identified in their Amended Complaint. *See* ECF 33 ¶¶ 129-30. Thus, all of plaintiffs' claims depend on their allegation that Amazon had "unique knowledge" of infringement by third parties as "the only party permitted to sell new hard cover copies of *Can't Hurt Me*" under the Advantage program. *Id.* ¶¶ 96-104; 112.[7]

Courts in this Circuit routinely compel arbitration of copyright and trademark claims that raise factual issues related to contracts containing broad arbitration provisions, as plaintiffs' claims do here. *See, e.g. Simula*, 175 F.3d 716, 724 ("Courts have routinely held that claims falling under the Lanham Act are arbitrable."); *ValueSelling Assocs., LLC v. Temple*, No. 09 CV 1493 JM, 2009 WL 3736264, at *4 (S.D. Cal. Nov. 5, 2009) ("copyright and trademark infringement claims are dependant upon the relationship and the contracts entered into by the parties"); *Vogel v. Vogel*, No. CV140033DSFJEMX, 2014 WL 12575815, at *3 (C.D. Cal. June 23, 2014) ("the conversion, trademark, and copyright claims relate[d] to intellectual property [parties] were tasked with managing under the [relevant] [a]greement"); *Jastremski v. Smith Barney, Inc.*, No. 94-0495-R (BTM), 1994 WL 777206, at *2, 5-7 (S.D. Cal. Oct. 24, 1994) (copyright claims "require[d] an

---

[7] As discussed above, the Court need not decide whether any specific claims fall within the scope of the arbitration provisions at issue. *See Henry Schein*, 586 U.S. 63, 68.

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 15
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

exploration of [the parties'] employment relationship" and "[the defendant's] business"). The same is true of plaintiffs' statutory claims. *See Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1178 (W.D. Wash. 2014) (Washington Consumer Protection Act ["WCPA"]); *Peters v. Amazon Servs. LLC*, 2 F. Supp. 3d 1165, 1173 (W.D. Wash. 2013) (WCPA and unjust enrichment), *aff'd*, 669 F. App'x 487 (9th Cir. 2016); *BioOrigyn, LLC v. Fairhaven Health, LLC*, No. 2:20-CV-00285-RAJ, 2021 WL 2255122, at *5-7 (W.D. Wash. June 3, 2021) (Personality Rights Act, WCPA, and Lanham Act).

### B.  The Court Should Stay The Case Pending Arbitration Of Plaintiffs' Claims.

Because all of plaintiffs' claims are subject to arbitration, this action should be stayed. Under the FAA, a Court must stay proceedings in an action when it is "satisfied that the issue involved in such suit or proceeding is referable to arbitration[.]" 9 U.S.C. § 3; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983). Alternatively, to the extent that the Court holds that some of plaintiffs' claims are not arbitrable, it should grant a stay because plaintiffs' claims all "depend on the same facts"—namely, alleged infringement by third parties and Amazon's purported knowledge of that infringement—and are "inherently inseparable." *See Ballard v. Corinthian Colleges, Inc.*, No. C06-5256 FDB, 2006 WL 2380668, at *1-2 (W.D. Wash. Aug. 16, 2006); *see also United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir. 2002). Here, allowing plaintiffs to litigate the same issues in two forums simultaneously would only "waste judicial resources" and create a risk of inconsistent decisions. *See Ballard*, 2006 WL 2380668, at *2.

### IV.  CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court compel arbitration of all claims by plaintiffs and stay this action.

DEFENDANTS' SECOND MOTION TO COMPEL
ARBITRATION AND STAY CASE PENDING
COMPLETION OF ARBITRATION - 16
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

| | | |
|---|---|---|
| 1 | Dated this 14th day of June, 2024. | *I certify that this motion contains 4,210 words in compliance with the Local Civil Rules* |

**MORGAN, LEWIS & BOCKIUS LLP**

By: s/ *Damon C. Elder*
Damon C. Elder, WSBA No. 46754
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Email: damon.elder@morganlewis.com

**LATHAM & WATKINS LLP**

Jessica Stebbins Bina (Cal. Bar. No. 248485)
*Admitted pro hac vice*
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90071
Telephone: (424) 653-5509
Email: jessica.stebbinsbina@lw.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services, LLC*

DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION AND STAY CASE PENDING COMPLETION OF ARBITRATION - 17
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401