THE HONORABLE JAMAL N. WHITEHEAD

1

2

3

4

5

6          UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
7                  AT SEATTLE

8    DAVID GOGGINS, GOGGINS BUILT NOT          Case No. 2:24-cv-00257-JNW
     BORN, LLC, and GOGGINS, LLC,
9                                              **DEFENDANTS AMAZON.COM, INC.
                         Plaintiffs,           AND AMAZON.COM SERVICES
10                                             LLC'S MOTION TO DISMISS FIRST
                                               AMENDED COMPLAINT**
11        v.
                                               *[Motion to Compel Arbitration; Motion to
12   AMAZON.COM, INC. and AMAZON.COM           Stay Discovery; and Declaration of Jessica
     SERVICES LLC,                             Stebbins Bina filed concurrently herewith]*
13
                         Defendant.            **NOTE ON MOTION CALENDAR:
14                                             July 26, 2024**

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO DISMISS FIRST                         **MORGAN, LEWIS & BOCKIUS LLP**
AMENDED COMPLAINT                                                    ATTORNEYS AT LAW
Case No. 2:24-cv-00257-JNW                                  1301 SECOND AVENUE, SUITE 3000
                                                            SEATTLE, WASHINGTON 98101
                                                       TEL +1.206.274.6400   FAX +1.206.274.6401

1

## **TABLE OF CONTENTS**

2

I.      INTRODUCTION ................................................................................... 9

3

II.     SUMMARY OF ALLEGATIONS .......................................................... 9

III.    ARGUMENT ......................................................................................... 11

4

        A.      The Copyright Act Preempts Plaintiffs' Non-Copyright Claims Related To
5               The Goggins Books And Derivative Works ................................................ 12

6               1.      Goggins' Personality Rights Act Claim ..................................... 14

7               2.      Goggins, LLC's Trademark and False Designation of Origin
8                       Claims ..................................................................................... 14

9               3.      Plaintiffs' Lanham Act False Advertising Claim ...................... 15

10              4.      Plaintiffs' Washington CPA Claims .......................................... 16

11              5.      Plaintiffs' Unjust Enrichment Claim ........................................ 16

12      B.      All Claims Suffer From Critical Pleading Defects Requiring Dismissal ............ 17

13              1.      Copyright And Trademark Claims ............................................. 17

14                      a.      Goggins, LLC Cannot State A Claim for Direct Trademark
                                Infringement Based On Third-Party Listings .................... 18
15

16                      b.      Goggins, LLC False Designation of Origin Claim Fails For
                                The Same Reasons As Its Trademark Infringement Claim ............ 20

17                      c.      GBNB And Goggins, LLC Fail To Allege The Specific
18                              Knowledge Required For Contributory Copyright or
                                Trademark Infringement. ................................................. 20
19
                        d.      GBNB Fails To Allege The Control Over Third Parties
20                              Required For Vicarious Copyright Infringement. ................ 22

21              2.      Plaintiffs' False Advertising and Unfair Competition Claims Fail. ......... 23

22                      a.      Plaintiffs Fail To Plausibly Plead That Amazon's Statements
                                Were Advertisements Or Promotions Of Its Products. ............ 24
23

24                      b.      Plaintiffs Fail To Plausibly Plead Injury Or Causation ................... 27

25                      c.      Plaintiffs Fail To Plead That Amazon's Statements Were False
                                Or Misleading. ............................................................... 28
26

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 1
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

|  | 3. | Goggins' Personality Rights Act Claim.................................................... 30 |
|  | 4. | Plaintiffs' Unjust Enrichment Claim ...................................................... 31 |
| IV. | CONCLUSION | ...................................................................................................... 31 |

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A.H. Lundberg Assocs., Inc. v. TSI, Inc.*,
No. C14-1160JLR, 2014 WL 5365514 (W.D. Wash. Oct. 21, 2014)................................29, 30

*Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*,
No. CV 10-03738 AB (CWX), 2015 WL 5311085 (C.D. Cal. Sept. 10, 2015) ....................22

*Adobe Sys. Inc. v. Christenson*,
809 F.3d 1071 (9th Cir. 2015) .........................................................................................20

*Albustani v. Alger*,
No. C22-5238JLR, 2022 WL 3213331 (W.D. Wash. Aug. 9, 2022) .....................................32

*Appliance Recycling Centers of Am., Inc. v. JACO Env't, Inc.*,
378 F. App'x 652 (9th Cir. 2010) .........................................................................................30

*Ariix, LLC v. NutriSearch Corp.*,
985 F.3d 1107 (9th Cir. 2021) .............................................................................................30

*Aronson v. Dog Eat Dog Films, Inc.*,
738 F. Supp. 2d 1104 (W.D. Wash. 2010)....................................................................13, 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................................18

*Blaylock v. First Am. Title Ins. Co.*,
No. C06-1667RAJ, 2008 WL 8741396 (W.D. Wash. Nov. 7, 2008) ....................................29

*Blue Nile, Inc. v. Ice.com, Inc.*,
478 F. Supp. 2d 1240 (W.D. Wash. 2007)...............................................................16, 17, 18

*Boule v. Hutton*,
328 F.3d 84 (2d Cir. 2003)...................................................................................................26

*Browne v. Avvo Inc.*,
525 F. Supp. 2d 1249 (W.D. Wash. 2007).............................................................................27

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*,
No. C10-861RSM, 2011 WL 3471476 (W.D. Wash. Aug. 8, 2011)....................................25

*Casterlow-Bey v. eBay, Inc.*,
No. 3:17-CV-05687-RJB, 2017 WL 6733724 (W.D. Wash. Dec. 29, 2017) .........................24

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 3
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*CD Law, Inc. v. LawWorks, Inc.*,
  No. C93-1011D, 1994 WL 840929 (W.D. Wash. Dec. 21, 1994)..........................................17

*Comphy Co. v. Amazon.com, Inc.*,
  371 F. Supp. 3d 914 (W.D. Wash. 2019)................................................................................21

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*,
  911 F.2d 242 (9th Cir. 1990) ................................................................................................31

*Cousineau v. Microsoft Corp.*,
  992 F. Supp. 2d 1116 (W.D. Wash. 2012).............................................................................28

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003) ................................................................................................................16

*Design Gaps, Inc. v. Hall*,
  No. 3:23-CV-186-MOC, 2023 WL 8103156 (W.D.N.C. Nov. 21, 2023) ..............................16

*Engelmohr v. Bache*,
  66 Wash. 2d 103 (1965) ........................................................................................................27

*Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*,
  No. 2:19-CV-1458-DWC, 2020 WL 2795198 (W.D. Wash. May 29, 2020).........................31

*Falcon Enterprises, Inc. v. FCI Inc.*,
  No. C07-0311-JCC, 2008 WL 11345883 (W.D. Wash. Apr. 29, 2008)................................18

*Fid. Mort. Corp. v. Seattle Times Co.*,
  131 Wash. App. 462, 128 P.3d 621 (2005)............................................................................28

*Free Kick Master LLC v. Apple Inc.*,
  No. 15-CV-3403-PJH, 2016 WL 777916, (N.D. Cal. Feb. 29, 2016) ...................................20

*Genus Lifesciences Inc. v. Lannett Co., Inc.*,
  378 F. Supp. 3d 823 (N.D. Cal. 2019) ..................................................................................27

*Haglund v. Sawant*,
  2018 WL 22216154 (W.D. Wash. May 15, 2018)..................................................................32

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
  105 Wash. 2d 778 (1986) ......................................................................................................25

*Hard2Find Accessories, Inc. v. Amazon.com, Inc.*,
  691 F. App'x 406 (9th Cir. 2017) ..........................................................................................27

*In re Ford Motor Co. Sec. Litig., Class Action*,
  381 F.3d 563 (6th Cir. 2004) ................................................................................................31

*In re SoClean, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig.*,
  No. 2-MC-152, 2023 WL 8006602 (W.D. Pa. Nov. 17, 2023) ..............................27

*Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*,
  162 Wash. 2d 59 (2007) ...........................................................................................25

*JTH Tax LLC v. AMC Networks Inc.*,
  No. 22 CIV. 6526 (PGG), 2023 WL 6215299, (S.D.N.Y. Sept. 25, 2023) .............19

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir.2009) ..................................................................................29

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1998) .................................................................................14

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
  114 F. Supp. 3d 852 (N.D. Cal. 2015), *abrogated on other grounds by Scilex
  Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2021 WL
  11593043 (N.D. Cal. Aug. 16, 2021)........................................................................26

*Lasoff v. Amazon.com Inc*,
  No. C16-151 BJR, 2017 WL 372948 (W.D. Wash. Jan. 26, 2017), *aff'd*, 741
  F. App'x 400 (9th Cir. 2018)..............................................................................20, 29

*Lavington v. Hillier*,
  22 Wash. App. 2d 134, *review denied*, 200 Wash. 2d 1010 (2022) .......................32

*Laws v. Sony Music Entertainment, Inc.*,
  448 F.3d 1134 (9th Cir. 2006) ...........................................................................13, 15

*Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*,
  170 F. Supp. 3d 1249 (C.D. Cal. 2016) ..................................................................16

*Luvdarts, LLC v. AT & T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) ...........................................................................22, 23

*Masck v. Sports Illustrated*,
  No. 13-10226, 2013 WL 2626853 (E.D. Mich. June 11, 2013) ..............................23

*Meeco Mfg. Co. v. True Value Co.*,
  No. C06-1582RSL, 2007 WL 1051259 (W.D. Wash. Apr. 4, 2007) ...............13, 14, 18

*Melwani v. Amazon.com, Inc.*,
  No. C21-1329RSM, 2022 WL 3683807 (W.D. Wash. Aug. 25, 2022)....................21

*Milo & Gabby, LLC v. Amazon.com, Inc.*,
  12 F. Supp. 3d 1341 (W.D. Wash. 2014)..................................................................24

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 5
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Milo & Gabby, LLC v. Amazon.com, Inc.*,
   No. C13-1932RSM, 2015 WL 4394673 (W.D. Wash. July 16, 2015), *aff'd*,
   693 F. App'x 879 (Fed. Cir. 2017) ...................................................................................20

*Minnick v. Clearwire US, LLC*,
   683 F. Supp. 2d 1179 (W.D. Wash. 2010).........................................................................28

*NC Interactive, LLC v. Amber Studio S.A.*,
   No. 2:22-CV-01251-RAJ, 2024 WL 1832951 (W.D. Wash. Apr. 26, 2024) ........................32

*Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*,
   No. C10-322 MJP, 2010 WL 2217910 (W.D. Wash. June 1, 2010) .........................14, 17, 18

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ........................................................................................23

*Phoenix Ent. Partners LLC v. Boyte*,
   247 F. Supp. 3d 791 (S.D. Tex. 2017) ..............................................................................16

*Prager Univ. v. Google LLC*,
   951 F.3d 991 (9th Cir. 2020) ...............................................................................25, 26, 31

*Punchbowl, Inc. v. AJ Press, LLC*,
   90 F.4th 1022 (9th Cir. 2024) .........................................................................................19

*RDF Media Ltd. v. Fox Broad. Co.*,
   372 F. Supp. 2d 556 (C.D. Cal. 2005) ..............................................................................16

*Reese v. Pook & Pook, LLC.*,
   158 F. Supp. 3d 271 (E.D. Pa. 2016) ...............................................................................26

*Rescue v. Walters*,
   No. C20-5700JLR, 2021 WL 22591 (W.D. Wash. Jan. 4, 2021) .........................................32

*REX - Real Est. Exch., Inc. v. Zillow, Inc.*,
   No. C21-312 TSZ, 2022 WL 1203742 (W.D. Wash. Apr. 22, 2022)....................................28

*Rogers v. Grimaldi*,
   875 F.2d 994 (2d Cir. 1989)............................................................................................19

*Rousselot B.V. v. St. Paul Brands, Inc.*,
   No. SACV190458DOCADSX, 2019 WL 6825763 (C.D. Cal. July 24, 2019).......................21

*Routt v. Amazon.com, Inc.*,
   No. C12-1307JLR, 2012 WL 5993516 (W.D. Wash. Nov. 30, 2012), *aff'd*,
   584 F. App'x 713 (9th Cir. 2014) .....................................................................................24

*Saunders v. Lloyd's of London,*
  113 Wash. 2d 330 P.2d 249 (1989)................................................................25, 28

*Sleep Country USA, Inc. v. Nw. Pac., Inc.,*
  No. C02-1923P, 2003 WL 23842534 (W.D. Wash. Oct. 10, 2003)........................25

*Sliding Door Co. v. KLS Doors, LLC,*
  No. EDCV 13-00196 JGB, 2013 WL 2090298 (C.D. Cal. May 1, 2013)...............27

*Southland Sod Farms v. Stover Seed Co.,*
  108 F.3d 1134 (9th Cir. 1997) .........................................................................25, 28

*Studio 010 Inc. v. Digital Cashflow LLC,*
  No. 2:20-CV-01018-DGE, 2023 WL 6793974 (W.D. Wash. Oct. 13, 2023) ........26

*Sybersound Recs., Inc. v. UAV Corp.,*
  517 F.3d 1137 (9th Cir. 2008) ...............................................................................17

*Tamway Corp. v. Sunglass Hut Int'l,*
  173 F.3d 862, 1999 WL 163650 .............................................................................30

*Theme Promotions, Inc. v. News Am. Mktg. FSI,*
  546 F.3d 991 (9th Cir. 2008) ...................................................................................27

*Tiffany (NJ) Inc. v. eBay Inc.,*
  600 F.3d 93 (2d Cir. 2010)......................................................................20, 22, 23

*Tre Milano, LLC v. Amazon.Com, Inc.,*
  No. B234753, 2012 WL 3594380 (Cal. Ct. App. Aug. 22, 2012)..........................21

*Tuosto v. Philip Morris USA Inc.,*
  No. 05CIV.9384(PKL), 2007 WL 2398507 (S.D.N.Y. Aug. 21, 2007)..................27

*Vans, Inc. v. Walmart, Inc.,*
  No. 821CV01876DOCKESX, 2023 WL 6922833 (C.D. Cal. Oct. 11, 2023) ........22

*Whitehead v. CBS/Viacom, Inc.,*
  315 F. Supp. 2d 1 (D.D.C. 2004) ...........................................................................17

*Y.Y.G.M. SA v. Redbubble, Inc.,*
  75 F.4th 995 (9th Cir. 2023) ...................................................................................22

*Young v. Young,*
  164 Wash. 2d 477 (2008)........................................................................................32

*YZ Prods., Inc. v. Redbubble, Inc.,*
  545 F. Supp. 3d 756 (N.D. Cal. 2021) ...................................................................22

1

*Zayas v. Inslee*,
    No. 3:24-CV-5362-DGE, 2024 WL 2723358 (W.D. Wash. May 28, 2024)............................11

2

*Zito v. Steeplechase Films, Inc.*,
    267 F. Supp. 2d 1022 (N.D. Cal. 2003) ..................................................................................18

3

4

**STATUTES**

5

15 U.S.C. § 1125(a)(1)(B) ........................................................................................................25

6

17 U.S.C. § 106 .......................................................................................................................14

7

RCW § 63.60.010 ....................................................................................................................15

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.    INTRODUCTION

Plaintiffs, author David Goggins and two of his companies, bring twelve claims arising from the sale of third-party products on Amazon's website.  Plaintiffs claim that two categories of products infringe their intellectual property rights: (1) copies of Goggins' books and "derivative works" (e.g., summaries) and (2) apparel adorned with catch-phrases purportedly popularized by Goggins, some of which he has registered as trademarks.  Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon") have separately moved to compel arbitration of all plaintiffs' claims.  Amazon brings this motion to dismiss in the alternative, should the Court find any portion of the complaint is not required to be arbitrated.

Plaintiffs' non-copyright claims (Counts I and IV-XII) related to the sales of allegedly bootleg books and derivative works are preempted by the Copyright Act.  These claims lie squarely within the subject matter of copyright law as they all arise from, and expressly incorporate identical factual allegations related to, the alleged misuse of copyrighted works—Goggins' books.  Further, all of plaintiffs' claims (including its copyright claims) should be dismissed for failure to plead elements essential to each claim.

Plaintiffs' claims should be dismissed with prejudice.  Plaintiffs had an opportunity to correct these defects when amending in response to Amazon's prior motion to dismiss that was based largely on the same grounds.  Instead, plaintiffs chose to muddy the waters by asserting additional allegations about allegedly infringing apparel products and several new trademark infringement claims, all of which fail as a matter of law.  Thus, Amazon respectfully requests that all claims be dismissed with prejudice, if this matter is not otherwise compelled into arbitration.

## II.   SUMMARY OF ALLEGATIONS

Goggins is the author of two books, *Can't Hurt Me* and *Never Finished* (collectively, "Goggins' Books") and the sole member of two companies that monetize these books and related intellectual property:  Goggins Built Not Born, LLC ("GBNB") and Goggins, LLC.  ECF 33 ¶¶ 12-13, 24-36; ECF 9.  GBNB allegedly owns the copyrights associated with the books, and both

Goggins, LLC and Goggins allegedly own trademark rights associated with the books and with various Goggins-related motivational slogans, such as "Stay Hard," "Can't Hurt Me" or "Taking Souls."  ECF 33 ¶¶ 40-46, 205, 218.  The books are sold through Amazon's website, pursuant to contracts with plaintiffs.  *Id.* ¶¶ 96-104.

According to plaintiffs, third parties sell various "bootleg" version of products associated with Goggins through Amazon's website, including specifically:

> 1.  Copies of Goggins' Books, including foreign language editions;
>
> 2.  Summaries, or study guides about the Goggins Books, including a *Study Guide: Can't Hurt Me* book by SuperSummary; and
>
> 3.  T-shirts, including a t-shirt featuring the motivational saying "Stay Hard."[1]

*Id.* ¶¶ 105-7, 113-15, 128-131, 139.  Plaintiffs also allege that Amazon provides (to one degree or another) the "search page result[s]," "product listing[s]," and "sponsored listings and advertisements" for these products, which include "product details," "information about authors" (i.e., Goggins), "customer reviews," "book descriptions," and other "details associated with the book or product."  *Id.* ¶¶ 57-58, 61-62, 67, 111-16.

To combat these bootleg products, plaintiffs successfully requested that Amazon remove certain listings for the Goggins Books from its website.[2]  Plaintiffs did not, however, alert Amazon to, or request the removal of, any summaries, study guides, or apparel products.  *See id*. ¶¶ 168-

---

[1] While alleging there are also infringing sales of "Goggins' biographies" and "accessories," plaintiffs never specify what these products are or identify any listings for these products.  *See* ECF 33 ¶ 106, 126.  This fails to pass Rule 8 muster.  As these products cannot form the basis for any of plaintiffs' claims, they will not be further addressed.  *See Zayas v. Inslee*, No. 3:24-CV-5362-DGE, 2024 WL 2723358, at *1 (W.D. Wash. May 28, 2024).

[2] Plaintiffs admit that Amazon removed listings on several occasions in response to their requests.  *See, e.g.,* ECF 33 ¶¶ 170 ("Amazon has rapidly restricted the sale of Bootleg products"), 179 ("Even when an Unauthorized Goggins Book was removed from the Amazon Marketplace, Amazon ignored the larger issue and just removed a single book at a time"), 180 ("Only after Plaintiffs monitored, located, and reported the Fake Listing did Amazon take any action . . . [and] remove[] the content"), 185 ("Amazon removed third party sellers who, without authorization, were selling against the legitimate ASINs for the Goggins Books.").

187. Plaintiffs eventually became frustrated with the routine notice-and-takedown process, believing that Amazon should "proactively" remove the allegedly infringing works and products, given its status as the exclusive hardback seller of *Can't Hurt Me. See id.* ¶ 183. Plaintiffs assert that Amazon's notice-and-takedown process is inconsistent with its public anti-counterfeiting stance, including public statements to Congress or in response to critical media articles, and statements to investors in various reports and legally required disclosures (e.g., proxy statements prior to annual shareholder meetings) about prohibiting sales of counterfeit products and operating with a goal of "driving 'counterfeits to zero.'" *See id.* ¶¶ 74, 76-77, 81, 86, 94.

Plaintiffs allege the following claims:

- Goggins alleges violations of the Washington Personality Rights Act by Amazon Services (Count I);

- GBNB alleges contributory and vicarious copyright infringement by Amazon Services (Counts II-III);

- Goggins, LLC alleges trademark infringement (direct and contributory), false designation of origin, and unfair competition against Amazon Services (Counts IV-VIII); and

- All plaintiffs allege false advertising, violation of the Washington Consumer Protection Act, and unjust enrichment against both Amazon Services and Amazon.com, Inc. (Counts IX-XII).

*See* ECF 33 ¶¶ 196-203, 204-32, 233-301, and 302-370.

## III.   ARGUMENT

Plaintiffs' non-copyright claims arising out of the sale of the Goggins Books and derivative works must be dismissed, with prejudice, as preempted by the Copyright Act. All of plaintiffs' claims, including the copyright claims, should also be dismissed for failure to state a claim.

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 11
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**A.**    **The Copyright Act Preempts Plaintiffs' Non-Copyright Claims Related To The Goggins Books And Derivative Works**

Courts routinely dismiss claims that are preempted by the Copyright Act.  *See, e.g., Meeco Mfg. Co. v. True Value Co.*, No. C06-1582RSL, 2007 WL 1051259, at *3 (W.D. Wash. Apr. 4, 2007) ("[C]ourts routinely grant motions to dismiss state law claims on the basis of preemption by the Copyright Act").  The Copyright Act is the exclusive basis for asserting any claim based on rights in and harms to copyrighted materials, and it "preempt[s] and abolish[es] any rights. . . that are equivalent to copyright and that extend to [copyrighted] works."  *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006) (citing H.R.Rep. No. 94–1476, at 130 (1976)).  Claims are preempted when (1) the work at issue comes within the subject matter of copyright and (2) the rights at issue are equivalent to the exclusive rights of copyright.  *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1114 (W.D. Wash. 2010) (citation omitted).

Here, all of plaintiffs' claims based on the sale and promotion of the Goggins Books and derivative works, such as study guides and search results, are preempted by the Copyright Act: trademark infringement (both direct and contributory), false advertising, unfair competition, unjust enrichment, and violations of the Washington Personality Rights Act and Consumer Protection Act (i.e., Counts I, IV-XII).  *First*, Goggins' Books and related works lie squarely within the subject matter of copyright law because both books are copyrighted works.  ECF 33 ¶ 40; *Aronson*, 738 F. Supp. 2d at 1116 (finding state law claims related to misappropriation and misuse of copyrighted work preempted by the Copyright Act); *Laws*, 448 F.3d at 1143 (same).  Plaintiffs explicitly invoke misuse of the copyrighted works when stating these claims, all of which are dependent on activities related to the "Unauthorized Goggins Books" and images or information about them.  *See, e.g.,* ECF 1 ¶¶ 196, 200, 204, 217, 233, 240-41, 252, 261, 268, 278, 290, 316, 319, 335, 339, 362.  Indeed, these claims incorporate the same factual allegations as the copyright claims.  *Id.*  This *alone* is sufficient to dismiss them.  *See, e.g., Meeco,* 2007 WL 1051259, at *2 (unjust enrichment claim preempted because plaintiff "re-allege[d] [identical] paragraphs" for

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 12
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

each claim and therefore "expressly rel[ied] on the copyright allegations in its state law claims");

*Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1212–13 (9th Cir. 1998).

*Second*, the rights plaintiffs seek to vindicate are equivalent to copyright because each claim arises out of alleged unauthorized display and sale of the Goggins Books.  The Copyright Act grants authors "exclusive rights" in copyrighted works, including the right to "reproduce" and "distribute" copyrighted materials, and prepare derivative works.  *Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*, No. C10-322 MJP, 2010 WL 2217910, at *2 (W.D. Wash. June 1, 2010) (citing 17 U.S.C. § 106).  Claims based on these rights are preempted unless they explicitly rely on an "extra element" of the law that makes the right asserted qualitatively different from those protected by the Copyright Act.  *Id.*  Here, none of plaintiffs' claims relating to the books, study guides, product listings, or similar are qualitatively different from the copyright infringement claims.  *See Meeco Mfg. Co.*, 2007 WL 1051259 at *4 (claim preempted because "at bottom, both claims depend on the allegation that defendant displayed images of MEECO-labeled products").  Indeed, the sale and promotion of the Goggins' Books (through search results, product listings, and ads) form the heart of plaintiffs' copyright claims and all other claims too, as the images of these alleged harms (shown below) highlight.  *Id.* ¶¶ 57-58.






DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 13
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1

### 1.  Goggins' Personality Rights Act Claim

Goggins' Personality Rights Act ("PRA") claim asserts that search results, product listings, and ads identifying him as the author of bootleg book copies used his name, photograph, and likeness.  *See* RCW § 63.60.010; ECF 33 ¶¶ 200, 203.  This is nothing more than a claim that the Goggins Books, and related images, art, and text, were copied or used to create derivative works.  Such a claim is preempted as clearly "within the subject of copyright."  *See Aronson*, 738 F. Supp. 2d at 1116 (dismissing PRA claim based on "the appropriation of Plaintiff's image, voice, and lyrics," which were found within a copyrighted home video, "in the documentary *Sicko*"); *see also Laws*, 448 F.3d at 1141, 1143 (affirming preemption of right of publicity claim based on incorporation of samples from plaintiff's copyrighted song and identifying her as their creator).

### 2.  Goggins, LLC's Trademark and False Designation of Origin Claims

Goggins, LLC asserts claims for direct and contributory trademark infringement and false designation of origin.  All of these claims are based on the alleged use of various registered and unregistered trademarks in connection with the sale and promotion of Goggins Books and derivative works such as study guides.  *See, e.g.,* ECF 33 ¶¶ 106, 128, 132, 238-301; *see also id.* ¶¶ 252 (asserting trademark claim based on "the sale of Unauthorized Goggins Books [] on the Amazon Marketplace"); 239-240 (asserting trademark claim based on "search results," "product listings" for the books, and "information contained in third-party listings for Unauthorized Goggins Books").  In essence, Goggins, LLC asserts that its rights have been violated because copies of the Goggins Books were sold by third parties and Amazon's website disclosed basic information about these books, such as their titles and Goggins' name and image, in response to consumer searches intended to find these books.

Goggins, LLC's trademark claims based on the Goggins Books and related works are merely "trademark lipstick on a copyright pig":  all rely on the sale, promotion, and/or use of the "Unauthorized Goggins Books" and related derivative works, which are within the exclusive

jurisdiction of the Copyright Act. *Phoenix Ent. Partners LLC v. Boyte*, 247 F. Supp. 3d 791, 794 (S.D. Tex. 2017); *see also Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1266-68 (C.D. Cal. 2016) (dismissing false designation of origin and trademark infringement claims with prejudice where they "are based on Defendants essentially copying Plaintiff's intellectual property" in movie dialogue); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 564, 568 (C.D. Cal. 2005) (dismissing Lanham Act claim with prejudice where alleged infringement related to entire work, and there was no independent trade dress claim based on anything other than the "product" being sold); *see also Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 23 (2003) ("[T]he Lanham Act does not prevent unaccredited copying of a copyrighted work.").

Indeed, a Lanham Act claim should be dismissed where "Plaintiff is merely repackaging its copyright claims in trademark causes of action." *RDF Media Ltd.*, 372 F. Supp. 2d at 564; *see also Lions Gate*, 170 F. Supp. 3d at 1267 ("The Court cannot see how this [trademark claim] is different from a copyright infringement claim."); *Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1244 (W.D. Wash. 2007) (quoting *Dastar*, 539 U.S. at 34) ("[I]n construing the Lanham Act, we have been careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright."); *1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition* § 6:5 (4th ed. 2004) ("If someone without permission reproduces the story [in a book], the remedy lies in copyright, not in trademark."). Goggins, LLC's trademark claims for the sale and promotion of the Goggins Books and derivative books are duplicative of plaintiffs' copyright claims and must be dismissed.

### 3.    Plaintiffs' Lanham Act False Advertising Claim

Plaintiffs' Lanham Act false advertising claim relies on the allegation that Amazon "caused consumers to purchase Unauthorized Goggins Books" by making statements about its efforts to prevent counterfeiting. ECF 33 ¶ 316. This claim is also preempted, as it is entirely premised on alleged acts of copyright infringement. *See Design Gaps, Inc. v. Hall*, No. 3:23-CV-186-MOC,

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 15
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

2023 WL 8103156, at *7 (W.D.N.C. Nov. 21, 2023) (dismissing Lanham Act false advertising claim as preempted by the Copyright Act); *Whitehead v. CBS/Viacom, Inc.*, 315 F. Supp. 2d 1, 13 (D.D.C. 2004) ("An author may invoke copyright law to protect original expression in an entire work, not the Lanham Act."); *see also Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008) (declining to "[c]onstru[e] the Lanham Act to cover misrepresentations about copyright licensing status").

### 4.      Plaintiffs' Washington CPA Claims

Plaintiffs' Consumer Protection Act ("CPA") claims for false advertising and unfair competition related to the Goggins' Books are also preempted because they are based on either "third party listings for the Unauthorized Goggins Books" or allegedly false statements by Amazon that caused consumers to buy infringing books "believing them to be authentic." ECF 33 ¶¶ 331-35, 359-66.  Courts routinely dismiss such claims when they are based on underlying acts of alleged copyright infringement. *See, e.g., Oldcastle Precast*, 2010 WL 2217910, at *2 (dismissing CPA claim as preempted despite allegations that the defendant "marketed the materials as its own and copied the parts numbers for the sole purpose of misleading the public" because "[t]he gravamen of Plaintiff's claim is still that Defendant copied and used its copyrighted materials"); *Blue Nile*, 478 F. Supp. 2d at 1249–50 ("CPA claim is [] preempted because despite plaintiff's assertion in its response that the claim contains 'essential elements of deception, misrepresentation, and public interest impact,' this does not change the underlying nature of the action in this case.") (citations omitted); *CD Law, Inc. v. LawWorks, Inc.*, No. C93-1011D, 1994 WL 840929, at *4–5 (W.D. Wash. Dec. 21, 1994) (The Copyright Act "is broad enough to encompass all of the other elements of the [Washington] Consumer Protection Act.  Thus, claims under that act are preempted.").

### 5.      Plaintiffs' Unjust Enrichment Claim

For similar reasons, the Copyright Act preempts plaintiffs' unjust enrichment claim related to the Goggins' Books.  In copyright infringement cases, "claims for unjust enrichment are . . .

generally preempted." *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003); *see also Blue Nile, Inc.*, 478 F. Supp. 2d at 1251 (dismissing claim as preempted because "where the unjust enrichment arises from defendants' unauthorized use of a copyrighted work," the requirement to prove a benefit to the defendant "does not qualitatively change the rights at issue") (citations omitted).  Courts in this district routinely dismiss such claims.  *See, e.g. Falcon Enterprises, Inc. v. FCI Inc.*, No. C07-0311-JCC, 2008 WL 11345883, at *2 (W.D. Wash. Apr. 29, 2008) (dismissing unjust enrichment claim where "[t]he gravamen of Plaintiffs' unjust enrichment claim is that Defendants displayed Plaintiffs' copyrighted works without permission"); *Meeco Mfg. Co.*, 2007 WL 1051259, at *5 (dismissing unjust enrichment claim where it incorporated "the allegations supporting the claim for copyright infringement" by reference); *Oldcastle Precast*, 2010 WL 2217910, at *2 (same).

### B.    All Claims Suffer From Critical Pleading Defects Requiring Dismissal

In addition to the dismissal with prejudice required by preemption of the Goggins Books-related claims, Plaintiffs' claims must be dismissed if they not "plausible" on their "face" and supported by specific factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  The "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Here, ***all*** of plaintiffs' claims must be independently dismissed for failure to state a claim.  Because plaintiffs already had the opportunity to amend and did not cure these defects in response to similar arguments, this dismissal should likewise be with prejudice.

### 1.    Copyright And Trademark Claims

Plaintiffs' intellectual property claims fail because they attempt to hold Amazon liable for infringement by third parties, without pleading the specific facts required.  Infringement by third parties does not support direct liability for trademark infringement or false designation of origin (Counts IV, VI, VIII).  Nor do plaintiffs plead that Amazon knew of specific infringing listings

1   and did not promptly remove them, as required to establish contributory liability for copyright or

2   trademark infringement (Counts II, V, VII).  Finally, plaintiffs do not plausibly allege that Amazon

3   has the practical ability to prevent any of its millions of third-party sellers from infringing, as

4   required to support vicarious liability for infringement (Count III).

5              a.      **Goggins, LLC Cannot State A Claim for Direct Trademark**
                       **Infringement Based On Third-Party Listings.**
6

7          Goggins, LLC's claims are based on "sales of illegitimate third party products on the

8   Amazon Marketplace."  ECF 33 ¶ 22.  As discussed below, contributory liability for third-party

9   trademark infringement is subject to strict requirements.  Goggins, LLC attempts to end run around

10  these requirements by alleging that infringing "third party listings" (and related search results or

11  ads) give rise to *direct* liability by Amazon.  *See id.* ¶ 224, 268.  Specifically, Goggins, LLC alleges

12  that "Amazon permitted third parties" to list unauthorized copies of Goggins' books under an

13  existing listing or "create new listings."  ECF ¶¶ 109, 113.  It also alleges that "third parties" used

14  Goggins' marks in listings for infringing T-shirts.  *Id.* ¶¶ 129-31.  But the only allegations

15  connecting Amazon to these third parties are conclusory assertions that Amazon Services "controls

16  the search mechanism" and "contributes to and is involved in the creation and publication of the

17  listings that offer third-party products" in some unspecified way.  *Id.* ¶¶ 239-41, 266-68.  The law

18  is well-established that allegations such as these, where an online marketplace is alleged merely to

19  have listed and linked to allegedly infringing products, do not give rise to direct trademark

20  infringement, and Goggins, LLC's claims thus fail as a matter of law.[3]

21

22  _____

    [3] While Goggins, LLC alleges that Amazon Services directly sold a single digital book titled "*Study*
23  *Guide: Can't Hurt Me*," that claim is preempted by the Copyright Act as discussed above.  Even
    if it were not preempted, this claim would fail because the use of Goggins' name and the title of
24  his book in a summary of his book by SuperSummary is a protected expressive work under *Rogers*
    and its progeny.  *See Rogers v. Grimaldi*, 875 F.2d 994, 998 (2d Cir. 1989); *Punchbowl, Inc. v. AJ*
25  *Press, LLC*, 90 F.4th 1022, 1028 (9th Cir. 2024); *JTH Tax LLC v. AMC Networks Inc.*, No. 22
    CIV. 6526 (PGG), 2023 WL 6215299, at *7 (S.D.N.Y. Sept. 25, 2023) (applying *Rogers* where
26  Liberty Tax marks were used in *Better Call Saul* "in furtherance of the [television] [s]how's plot").

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 18
Case No. 2:24-cv-00257-JNW

1    Third-party sales of "counterfeit" goods, or an online marketplace's "knowledge *vel non*

2    that counterfeit [ ] wares were offered through its website," are "not a basis for a claim of direct

3    trademark infringement." *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 103 (2d Cir. 2010).   Nor

4    does including the infringing goods in search results and links create direct liability.   Use of a mark

5    to "refer to the trademarked good itself" is protected as "nominative fair use." *Adobe Sys. Inc. v.*

6    *Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015) (internal quotation marks omitted).   Nominative

7    fair use protects an online marketplace when it uses a mark to describe products "on its website

8    and in sponsored links," and direct liability does not attach even if the seller "cannot guarantee the

9    genuineness" of every product on its website. *Tiffany*, 600 F.3d at 103.   Claims that plead only

10   listing and advertising of third-party infringing products do not state a claim for direct infringement

11   and must be dismissed. *Free Kick Master LLC v. Apple Inc.*, No. 15-CV-3403-PJH, 2016 WL

12   777916, at *9-10 (N.D. Cal. Feb. 29, 2016) (dismissing direct trademark infringement claim

13   against Apple where plaintiff alleged Apple "provides the software third-party developers use to

14   develop apps, promulgates and enforces quality standards for apps available via its App Store, and

15   made a 'Free Kick Master' app available for download in that App Store").

16   Courts in this district routinely apply these principles to the Amazon marketplace and reject

17   claims indistinguishable from plaintiffs' claims here.   In *Lasoff v. Amazon.com Inc*, No. C16-151

18   BJR, 2017 WL 372948, at *7 (W.D. Wash. Jan. 26, 2017), *aff'd*, 741 F. App'x 400 (9th Cir. 2018),

19   the plaintiff alleged, as Goggins, LLC does here, that Amazon directly infringed his trademark by

20   using it in advertisements for "counterfeit" products listed by third parties on the Amazon

21   marketplace. *Id.* at *1-2.   The district court rejected this claim, finding that "Amazon's position

22   [is] directly analogous to that of Ebay," the online marketplace in *Tiffany*. *Id.* at *7-8 ("[T]he law

23   upholds Defendant's immunity from Lanham Act direct trademark infringement and/or unfair

24   competition liability.")   Other courts have similarly rejected claims that Amazon is directly liable

25   for listings or search results for infringing third-party products. *See Milo & Gabby, LLC v.*

26   *Amazon.com, Inc.*, No. C13-1932RSM, 2015 WL 4394673, at *6 (W.D. Wash. July 16, 2015)

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 19
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    ("Amazon was not the seller of the products at issue here."), *aff'd*, 693 F. App'x 879 (Fed. Cir.

2    2017); *see also Tre Milano, LLC v. Amazon.Com, Inc.*, No. B234753, 2012 WL 3594380, at *12

3    (Cal. Ct. App. Aug. 22, 2012) ("We see no significant difference between eBay's use of the Tiffany

4    mark and Amazon's use of the Tre Milano mark . . . .").

5         If plaintiffs were correct that merely listing and linking to an allegedly infringing product

6    was sufficient to establish direct liability, then every online marketplace would be directly liable

7    for every instance of third-party infringement.  That is not the law, and Goggins, LLC's direct

8    trademark claims (Counts IV and VI) must be dismissed.

9              b.     **Goggins, LLC False Designation of Origin Claim Fails For The Same**
              **Reasons As Its Trademark Infringement Claim.**
10

11        Goggins, LLC also asserts a putative claim for "false designation of origin and unfair

12   competition" under the Lanham Act (Count VIII).  ECF 33 ¶¶ 286-301.  That claim, however, rests

13   on the same allegations regarding third-party listings as its trademark infringement claims.  *Id.*

14   Because plaintiffs fail to adequately plead trademark infringement, their false designation of origin

15   claims must also be dismissed.  *See Melwani v. Amazon.com, Inc.*, No. C21-1329RSM, 2022 WL

16   3683807, at *3 (W.D. Wash. Aug. 25, 2022) (dismissing false designation of origin claim for the

17   same reasons as trademark infringement claim);  *Comphy Co. v. Amazon.com, Inc.*, 371 F. Supp.

18   3d 914, 928 (W.D. Wash. 2019) (denying preliminary injunctive relief as to false designation of

19   origin claim for the same reasons as trademark infringement claim); *see also Rousselot B.V. v. St.*

20   *Paul Brands, Inc.*, No. SACV190458DOCADSX, 2019 WL 6825763, at *13 (C.D. Cal. July 24,

21   2019) ("Under the Lanham Act, a claim for false designation of origin has the same elements as a

22   claim for trademark infringement.").

23              c.     **GBNB And Goggins, LLC Fail To Allege The Specific Knowledge**
              **Required For Contributory Copyright or Trademark Infringement.**

24        With respect to its contributory infringement claims (Counts II, V, and VI), GBNB and

25   Goggins, LLC fault Amazon for failing to "police the Amazon Marketplace" and "detect fake

26   listings" by third parties.  ECF 33 ¶¶ 123, 149.  But Amazon's alleged failure to prevent third-

party trademark infringement is not enough to establish contributory liability; instead, establishing contributory liability for either copyright or trademark infringement requires plaintiffs to allege that Amazon had "specific knowledge of infringers or instances of infringement." *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1002 (9th Cir. 2023). Indeed, because Amazon provides a large, online marketplace that sells millions of products, plaintiffs must allege that Amazon had "contemporary knowledge of which *particular listings* are infringing." *Tiffany*, 600 F.3d at 107 (emphasis added). A "generalized notification that infringement is occurring," without details of which rights are being infringed, "who infringed them, or when the infringement occurred," is insufficient. *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013) (notice listing copyrighted works was not sufficient for contributory copyright infringement). Moreover, "[r]emoving infringing listings" is generally sufficient to show that a "large online marketplace was not willfully blind." *Y.Y.G.M. SA*, 75 F.4th at 1003, *citing Tiffany*, 600 F.3d at 109.

Goggins, LLC cannot proceed with claims of contributory trademark infringement based on infringing third-party listings, unless it alleges Amazon directly induced them or was notified of those listings and failed to promptly remove them. *See YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 763-64 (N.D. Cal. 2021) (granting motion to dismiss contributory trademark and copyright infringement claims where "Plaintiff never alleges that Plaintiff notified Defendant of specific infringing products"); *Vans, Inc. v. Walmart, Inc.*, No. 821CV01876DOCKESX, 2023 WL 6922833, at *6 (C.D. Cal. Oct. 11, 2023) (where infringing listings were taken down within three days, "[t]his swiftness indicates that Walmart is not contributorily liable"); *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738 AB (CWX), 2015 WL 5311085, at *21 (C.D. Cal. Sept. 10, 2015) (same).

Goggins, LLC wholly fails to plead either of these elements. Instead, it makes clear that it either never notified Amazon of the infringing listings or Amazon promptly took them down when it was notified. Specifically, Goggins, LLC alleges that third parties listed an infringing book summary and two t-shirts on Amazon. *See* ECF 33 ¶¶ 128-30. But it does not allege that Amazon

was ever notified of these listings or their alleged infringement.  *Id.*  Nor does it allege that Amazon ever failed to remove an infringing listing after being notified.  Instead, Goggins, LLC claims removing listings was not enough:  "Even when an Unauthorized Goggins Book *was removed* from the Amazon Marketplace, Amazon ignored the larger issue and *just removed a single book at a time*."  *Id.* ¶ 179 (emphasis added).  Indeed, the Amended Complaint identifies only two listings Amazon was ever notified of, and it conspicuously does not allege that Amazon failed to take them down.  *See id*. ¶ 180 ("Only after Plaintiffs monitored, located, and reported the Fake Listing did Amazon take any action, if at all."); ¶ 181 ("[T]he seller for the Etenda Mark Listing was allowed to continue selling [*i.e.*, other products] on Amazon.").  The problem with this argument, of course, is that the law says Amazon did *enough*.  *See Tiffany*, 600 F.3d at 107; *Luvdarts*, 710 F.3d at 1073.  Amazon is not liable for infringement it has no knowledge of, or for failing to invent a perfect technological solution to "the larger issue" of copyright and trademark infringement.  *See ECF 33 ¶ 179.*

### d.      GBNB Fails To Allege The Control Over Third Parties Required For Vicarious Copyright Infringement.

Vicarious liability for infringement (Count III) requires both "control over the direct infringer" and a "direct financial benefit" from the infringement.  *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007).  Amazon's "legal right to stop or limit the directly infringing conduct" by removing infringing third-party listings is not sufficient to establish the control required for vicarious liability.  *See Perfect 10, Inc.*, 508 F.3d at 1173; ECF 33 ¶¶ 169, 180, 224.  Instead, plaintiffs must plausibly allege that Amazon has the "*practical ability*" to stop infringement by third parties.  *See id.* (emphasis added).  Here, this requires "factual allegations that demonstrate Amazon could plausibly verify the copyright status of each and every piece of merchandise it lists from third-party sellers."  *Masck v. Sports Illustrated*, No. 13-10226, 2013 WL 2626853, at *7 (E.D. Mich. June 11, 2013) (granting motion to dismiss vicarious copyright liability claim against Amazon for third-party sales).

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 22
Case No. 2:24-cv-00257-JNW

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    Plaintiffs' Amended Complaint is devoid of any facts that could plausibly support their

2    allegation that Amazon has "the ability to immediately stop or limit" third-party infringement by

3    millions of sellers.  *See* ECF 33 ¶ 226.  Plaintiffs allege that Amazon has removed infringing third-

4    party listings *after* infringement was reported.  ECF 33 ¶¶ 169, 180.  But they do not explain how

5    Amazon could practically prevent third-party infringement *before* it was reported.  Courts in this

6    district routinely dismiss copyright claims for similar failures to allege facts supporting vicarious

7    infringement claims, and the Court should do the same here.  *See, e.g.*, *Casterlow-Bey v. eBay,*

8    *Inc.*, No. 3:17-CV-05687-RJB, 2017 WL 6733724, at *6 (W.D. Wash. Dec. 29, 2017) (plaintiff

9    failed to allege that "eBay had the right to control the alleged infringing activity" by third-party

10   sellers);  *Milo & Gabby, LLC v. Amazon.com, Inc.,* 12 F. Supp. 3d 1341, 1354 (W.D. Wash. 2014)

11   (plaintiffs failed to allege that Amazon "directed or influenced any third party [seller]" to infringe

12   copyright); *Routt v. Amazon.com, Inc.*, No. C12-1307JLR, 2012 WL 5993516, at *3 (W.D. Wash.

13   Nov. 30, 2012), *aff'd*, 584 F. App'x 713, 715 (9th Cir. 2014) (plaintiff "allege[d] no specific facts

14   suggesting Amazon has control over the infringing activities of its Associates").

15                    **2.      Plaintiffs' False Advertising and Unfair Competition Claims Fail.**

16                    Plaintiffs attempt to repackage their various defective intellectual property claims into false

17   advertising and unfair competition claims (Counts IX, X, and XII) by focusing on certain

18   statements Amazon made about its own services, not plaintiffs' goods.  *See, e.g.*, ECF 33 ¶ 74.

19   Plaintiffs rely on the same allegedly "false, misleading, and deceptive" statements by Amazon to

20   support their claims for false advertising under the Lanham Act (Count IX) and false advertising

21   and unfair competition under the Washington CPA (Counts X, XII).  *See* ECF 33 ¶¶ 303, 320, 354.

22   Plaintiffs' claims under both statutes fail because they have not plausibly alleged that Amazon's

23   statements were actual "commercial advertisements" (as opposed to, for example, constitutionally

24   protected responses to Congress or the media) that caused any injury or were false, misleading, or

25   deceptive.

26

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 23
Case No. 2:24-cv-00257-JNW

False advertising under the Lanham Act requires plaintiffs to show that: (1) Amazon made "*a false statement of fact*," (2) that statement "actually deceived or has the tendency to deceive a substantial segment of its audience," (3) it was "material," (4) Amazon caused it to enter interstate commerce, and (5) plaintiffs "*[have] been or [are] likely to be injured*." *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (emphasis added). Similarly, under the Washington Consumer Protection Act, plaintiffs must show that: (1) Amazon's statements had "*the capacity to deceive* a substantial portion of the public," (2) they "occur[ed] in trade or commerce," (3) "a public interest," (4) "*injury to the [plaintiffs] in [their] business or property*," and (5) "*a causal link*" between the statements and the injury. *See Saunders v. Lloyd's of London*, 113 Wash.2d 330, 344, 779 P.2d 249 (1989) (emphasis added);[4] *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash.2d 59, 75 (2007).

As discussed below, plaintiffs' false advertising claims each fail for the same reasons, which also dooms the ride-along unfair competition claim. *See Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2011 WL 3471476, at *5 (W.D. Wash. Aug. 8, 2011) ("[Plaintiff's] claims under the CPA are substantially congruous with its Lanham Act claims."); *Sleep Country USA, Inc. v. Nw. Pac., Inc.*, No. C02-1923P, 2003 WL 23842534, at *7 (W.D. Wash. Oct. 10, 2003) ("Washington courts have analogized the [CPA] to the Lanham Act.").

> a.    **Plaintiffs Fail To Plausibly Plead That Amazon's Statements Were Advertisements Or Promotions Of Its Products.**

Plaintiffs' false advertising claims (Count IX and XII) fail right out of the gate because they are not about advertising at all. The Lanham Act applies only to "commercial advertising or promotion" made "for a promotional purpose to penetrate the relevant market." 15 U.S.C. § 1125(a)(1)(B); *see Prager Univ. v. Google LLC*, 951 F.3d 991, 1000 (9th Cir. 2020). Here,

---

[4] Plaintiffs do not allege any "per se unfair trade practice" by Amazon, which would require a showing that Amazon violated "a statute which has been declared by the Legislature to constitute an unfair or deceptive act." *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 786 (1986). As a result, plaintiffs must plead an act or practice with the "capacity to deceive a substantial portion of the public." *See id.* at 785-86.

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 24
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

plaintiffs allege that the relevant market is the "consuming public" who purchase "products sold on Amazon Marketplace." ECF 33 ¶ 314.  But plaintiffs fail to identify a single statement made to advertise or promote products to these consumers, and instead rely on statements by Amazon to the media, Congress, merchants, and investors or in policy documents.  ECF 33 ¶¶ 74, 303, 320, 354.  These statements are not actionable and cannot support any claim.  *See Studio 010 Inc. v. Digital Cashflow LLC*, No. 2:20-CV-01018-DGE, 2023 WL 6793974, at *9 (W.D. Wash. Oct. 13, 2023) (granting motion to dismiss where statements "were not 'commercial advertising or promotion'").

Plaintiffs rely on Amazon's statements about its policies against counterfeiting, which generally restate that Amazon "strictly prohibits counterfeit products."  ECF 33 ¶ 74.  But statements that merely reiterate Amazon's policies are not "commercial advertisement or promotion."  *Prager*, 951 F.3d 991, 999 (affirming dismissal of Lanham Act claim based on "YouTube's statements concerning its content moderation policies").  Otherwise, the Lanham Act would make companies liable for simply adopting public anti-counterfeiting policies—which is precisely what plaintiffs seek to do here.  ECF 33 ¶ 74, citing Ex. 25 (Anti-Counterfeiting Policy).

Plaintiffs also seek to hold Amazon liable for being quoted in, or responding to, critical media articles about counterfeiting or responding to Congressional inquires about the same.  ECF 33 ¶ 74, citing Exs. 26; 27, and 29.  But "statements made to the media" concerning "a matter of public importance" are fully protected by the First Amendment and cannot serve as the basis for a false advertising claim.  *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.,* 114 F. Supp. 3d 852, 864 (N.D. Cal. 2015) (granting motion to dismiss Lanham Act claim), *abrogated on other grounds by Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2021 WL 11593043 (N.D. Cal. Aug. 16, 2021); *see also Boule v. Hutton*, 328 F.3d 84, 91 (2d Cir. 2003) (granting summary judgment on Lanham Act claim because statements that "contribute[d] to reporters' discussion of an issue of public importance" were entitled to "full protection under the First Amendment"); *Reese v. Pook & Pook, LLC.*, 158 F. Supp. 3d 271, 295 (E.D. Pa. 2016) (granting motion to dismiss

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 25
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   where statements to media were not "designed to influence customers").  The same protection

2   extends to statements by executives in testimony to Congress.  *See* ECF 33 ¶ 74, citing Exs. 23.

3   Indeed, congressional testimony is protected "petitioning activity" that is immunized against these

4   types of claims under the First Amendment and the *Noerr-Pennington* doctrine.  *See Theme*

5   *Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (explaining the

6   doctrine "immunizes acts of petitioning the legislature from [] liability"); *Tuosto v. Philip Morris*

7   *USA Inc.*, No. 05CIV.9384(PKL), 2007 WL 2398507, at *6 (S.D.N.Y. Aug. 21, 2007) ("statements

8   made by [defendant] in the course of petitioning Congress" were "shielded by the *Noerr-*

9   *Pennington* doctrine").[5]

10   Nor do Amazon's statements to investors and shareholders, some of which are legally

11   required to be made, qualify as "advertising or promotion" under the Lanham Act.  ECF 33 ¶ 74,

12   citing Ex. 24 (2023 Annual Shareholder Meeting Notice).  *See, e.g. Genus Lifesciences Inc. v.*

13   *Lannett Co., Inc.*, 378 F. Supp. 3d 823, 836 (N.D. Cal. 2019) (statements in "SEC filings and

14   investor calls" are not "made in advertising or promotion"); *In re SoClean, Inc., Mktg., Sales Pracs.*

15   *& Prod. Liab. Litig.*, No. 2-MC-152, 2023 WL 8006602, at *30-31 (W.D. Pa. Nov. 17, 2023)

16   (statement in "quarterly report" were not "advertising or promotion").  Because none of the alleged

17   statements are actionable, plaintiffs cannot assert any viable claims for false advertising or unfair

18   competition.[6]

19

20

---

21   [5] *See also Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406, 407 (9th Cir. 2017)
    (affirming dismissal of WCPA claim); *Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196
22   JGB, 2013 WL 2090298, at *7 (C.D. Cal. May 1, 2013) (dismissing Lanham Act claim).  Further,
    Washington law also independently privileges this testimony.  *See Engelmohr v. Bache*, 66 Wash.
23   2d 103, 104 (1965) ("[T]he absolute privilege applies in . . . legislative proceedings . . . .").

24   [6] Plaintiffs' CPA claims fail for the same reasons, as plaintiffs cannot plausibly allege that
    Amazon's policies, news articles, or investor statements were paid advertisements made "in trade
25   or commerce."  *See Browne v. Avvo Inc.*, 525 F. Supp. 2d 1249, 1254 (W.D. Wash. 2007)
    (insufficient allegation that attorney ratings were made "in trade or commerce" where "defendants
26   do not accept payment for ratings" and "neither attorneys nor consumers pay to' access the site").

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 26
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

b.   **Plaintiffs Fail To Plausibly Plead Injury Or Causation.**

Even if these various statements were actionable (they are not), plaintiffs do not plausibly allege any resulting injury.  None of the statements Amazon allegedly made mention plaintiffs' products, or any other specific products.  *See* ECF 33 ¶ 74.  Instead, the statements concern "the trustworthiness of [Amazon's] marketplace and the action Amazon purportedly takes to prohibit counterfeit and inauthentic products."  *Id.* ¶ 70.  Plaintiffs offer no factual allegations to support their assertion that these broad statements "caused consumers to purchase Unauthorized Goggins Books and [] Products instead of the legitimate Goggins Books and [] Products."  *Id.* ¶¶ 316, 335, 365-66.  These claims fail for this reason alone.  *See Southland Sod*, 108 F.3d at 1139; *Saunders*, 113 Wash.2d at 344.

Further, plaintiffs cannot and do not plead causation, providing yet another reason for these claims to fail.  *See, e.g., REX - Real Est. Exch., Inc. v. Zillow, Inc.*, No. C21-312 TSZ, 2022 WL 1203742, at *4 (W.D. Wash. Apr. 22, 2022) (allegations insufficient to establish causation and injury as required to bring a Lanham Act false advertising claim); *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1188 (W.D. Wash. 2010) (same as to the CPA).  Both claims rely entirely on Amazon's public pledges to combat counterfeiting.  *See* ECF 33 ¶ 303, 320, 354.  Plaintiffs' conclusory allegation that they were "damaged by Amazon's literally false or impliedly false statements" (ECF 33 ¶ 368) is not supported by any facts alleging "a causal link existed between the unfair acts and injury." *Minnick*, 683 F. Supp. 2d at 1188; *see also Fid. Mort. Corp. v. Seattle Times Co.*, 131 Wash. App. 462, 128 P.3d 621 (2005) (dismissal of CPA claim against newspaper where plaintiff alleged that deceptive article induced third parties not to do business with plaintiff, but failed to allege that article induced any action or inaction by plaintiff); *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (W.D. Wash. 2012) (dismissal of CPA claim where plaintiff failed to outline the alleged injury she suffered with adequate specificity).[7]  Indeed, plaintiffs allege

---

[7] As to the false advertising claims, plaintiffs actively undermine their own allegations of reliance. *Compare* ECF 33 ¶ 138 ("Plaintiffs would have never permitted the Goggins Books and Goggins Products to be sold on Amazon but for Amazon's false representations to the public, including

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

no plausible connection between these statements and plaintiffs' alleged lost book sales between 2019 and 2023.  *See Lasoff v. Amazon.com, Inc.*, 741 F. App'x 400, 402 (9th Cir. 2018) (false advertising claims failed where Amazon did not make any statements about the quality of plaintiff's products); *Blaylock v. First Am. Title Ins. Co.*, No. C06-1667RAJ, 2008 WL 8741396, at *10 (W.D. Wash. Nov. 7, 2008) (plaintiffs lacked statutory standing to bring false advertising claim because injury was too remote.).

        c.      **Plaintiffs Fail To Plead That Amazon's Statements Were False Or Misleading.**

Plaintiffs' false advertising claims further fail because plaintiffs do not and cannot establish that Amazon's public statements about combatting counterfeiting are false or misleading.  It is not enough for plaintiffs to *assert* that Amazon's statements are false.  When a claim for false advertising under the Lanham Act or state law sounds in fraud, it is subject to the "heightened pleading standard" in Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir.2009) (applying Rule 9(b) to state law false advertising claims); *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160JLR, 2014 WL 5365514, at *7 (W.D. Wash. Oct. 21, 2014) ("[T]he majority of district courts within the Ninth Circuit have extended the Ninth Circuit's application of Rule 9(b) pleading standards in *Kearns* . . . to false advertising claims under the Lanham Act."). Here, plaintiffs' false advertising claims under the Lanham Act and WCPA undeniably sound in fraud, as they are based on allegations that Amazon "intended to deceive the consuming public" and that Amazon "knowingly" made false or misleading statements.  *See* ECF 33 ¶¶ 314, 331, 367. Rule 9(b) therefore requires plaintiffs to not only identify specific statements by Amazon, but identify "*specifically how* [Amazon's] statements are false and misleading."  *See A.H. Lundberg*,

---

plaintiffs, about the Amazon Marketplace.") *with* ECF 33 ¶ 183 ("Prior to the publication and release of <u>Never Finished</u> in November 2022, Goggins proactively reached out to Amazon to inquire what could be done to prevent the ongoing issues with <u>Can't Hurt Me</u>. Goggins wanted to proactively work with Amazon to prevent the same Bootleg issues that occurred with <u>Can't Hurt Me</u>. Despite Plaintiffs pleading with Amazon, Amazon chose not to act.  Bootleg versions of <u>Never Finished</u> joined the sea of Bootleg products being sold on the Amazon Marketplace.").

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 28
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   2014 WL 5365514, at *7-8.

2          Plaintiffs do not even try to explain how Amazon's statements that it "strictly prohibits"

3   counterfeiting or makes efforts to prevent it are false.  *See* ECF 33 ¶ 74.  If anything, plaintiffs'

4   own allegations suggest that Amazon's statements *are true*, as plaintiffs repeatedly acknowledge

5   that Amazon takes down infringing listings promptly upon receiving notice of them.  *See* ECF 33

6   ¶ 179-180. ("Even when an Unauthorized Goggins Book was removed from the Amazon

7   Marketplace, Amazon ignored the larger issue and just removed a single book at a time."); *id.*

8   ("Only after Plaintiffs monitored, located, and reported the Fake Listing did Amazon take any

9   action."); ¶ 180 ("Amazon removed the content when it desired."); ¶ 185 ("Amazon removed third

10  party sellers who, without authorization, were selling against the legitimate ASINs for the

11  Goggins Books.").  Of course, the mere existence of infringing third-party listings—particularly

12  listings that were ultimately taken down—does nothing to show that Amazon does not "prohibit"

13  counterfeiting, "investigate[ ]" reports, or "take action against" infringers.  *See* ECF 33 ¶ 74.

14  Because plaintiffs do not satisfy Rule 9(b), and do not even plausibly allege that Amazon's

15  statements are false or misleading, their false advertising claims must be dismissed.  *See A.H.*

16  *Lundberg Assocs.*, 2014 WL 5365514, at *8 (dismissing false advertising claim where plaintiff

17  failed to allege "specifically how those statements are false and misleading"); *Tamway Corp. v.*

18  *Sunglass Hut Int'l*, 173 F.3d 862, 1999 WL 163650 (Table), *1 (9th Cir. 1999) (affirming dismissal

19  of false advertising claim because the product offered by Sunglass Hut was "substantially

20  identical" to the product advertised); *Appliance Recycling Centers of Am., Inc. v. JACO Env't,*

21  *Inc.*, 378 F. App'x 652 (9th Cir. 2010) (competitor's statements did not cause actual deception, so

22  they cannot support a claim under the Lanham Act.).

23          Moreover, to state a claim under the Lanham Act, plaintiffs must identify "false or

24  misleading representations of *fact*, not simply statements of *opinion*."  *Ariix, LLC v. NutriSearch*

25  *Corp.*, 985 F.3d 1107, 1121 (9th Cir. 2021) (emphasis added).  Reasonable consumers understand

26  that "[l]ofty but vague" statements concerning a company's values and "commitment[s]"—which

are "impervious to being 'quantifiable'"—are "classic, non-actionable opinions," not representations of fact. *See Prager*, 951 F.3d at 1000 (YouTube's statements that "people should be able to speak freely" and that it will "help [viewers] grow" and "discover what works best" was "non-actionable opinion"); *see also In re Ford Motor Co. Sec. Litig., Class Action*, 381 F.3d 563, 570 (6th Cir. 2004) (Ford's statements that it "want[s] to make customers' lives ... safer" and has "dedicated ... [itself] to finding even better ways of delivering ... safer vehicles" were non-actionable opinions.).

Plaintiffs' Lanham Act claims are based on statements that do no more than express Amazon' general, and sincere, commitment to "monitor[ing]," "invest[ing]," and "innovat[ing]" to prevent counterfeiting. *See* ECF 33 ¶ 74; *Prager*, 951 F.3d at 1000. Plaintiffs apparently disagree with Amazon's opinion that it strives to offer the "*most* trustworthy" shopping experience, monitors its website "*continuously*," and "*aggressively* pursue[s] bad actors." *See* ECF 33 ¶ 74 . (emphasis added). However, because the language that plaintiffs rely on is "subjective" and not "quantified," they have not alleged Amazon made false or misleading representations of *fact*. *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (dismissing Lanham Act false advertising claim without leave to amend where statements at issue were nonactionable).

### 3.    Goggins' Personality Rights Act Claim

Goggins' PRA claim (Count I) fails because he does not allege that his name, image, or likeness was used to falsely state or imply his endorsement. *See Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, No. 2:19-CV-1458-DWC, 2020 WL 2795198, at *9 (W.D. Wash. May 29, 2020). Goggins' claim is that his name and image were used to sell copies of the Goggins' Books, related derivative works, and some apparel items that bear neither his name nor his image. He does ***not*** claim that someone used his name or image to falsely imply his endorsement of some product or work he had not, in fact, endorsed. *See* ECF 33 ¶¶ 196-203. This is insufficient. *See Enter. Mgmt.*, 202 WL 2795198, at *9 (dismissing PRA claim where complaint failed to allege

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1  defendants' unauthorized use of a name suggested an endorsement); *Haglund v. Sawant*, 2018 WL

2  22216154, at *3 (W.D. Wash. May 15, 2018) (plaintiff failed to allege violation of personality

3  rights because he did not allege use of name to claim plaintiff's endorsement); *Rescue v. Walters*,

4  No. C20-5700JLR, 2021 WL 22591, at *9 (W.D. Wash. Jan. 4, 2021) (same); *Albustani v. Alger*,

5  No. C22-5238JLR, 2022 WL 3213331, at *5 (W.D. Wash. Aug. 9, 2022) (same).  Indeed, some

6  of the allegedly unlawful products do not even use Goggins' name, image, or likeness.  *See, e.g.*,

7  ECF 33 ¶ 130.

8  **4.    Plaintiffs' Unjust Enrichment Claim**

9  Under Washington law, unjust enrichment requires "a benefit conferred upon the defendant

10  *by the plaintiff*."  *Young v. Young*, 164 Wash. 2d 477, 484 (2008) (emphasis added); *accord*

11  *Lavington v. Hillier*, 22 Wash. App. 2d 134, 144 ("The defendant must receive a benefit *from the*

12  *plaintiff* . . . ."), *review denied*, 200 Wash. 2d 1010 (2022).  Here, however, plaintiffs' unjust

13  enrichment claim (Count XI) is not based on a benefit they conferred on Amazon.  Instead,

14  plaintiffs allege that Amazon "benefit[s] from the sales of *third-party* products on the Amazon

15  Marketplace" to customers.  ECF 33 ¶ 344 (emphasis added).  Because "indirect conferral of a

16  benefit" through transactions with non-parties is not a basis for unjust enrichment, plaintiffs' claim

17  must be dismissed.  *See NC Interactive, LLC v. Amber Studio S.A.*, No. 2:22-CV-01251-RAJ, 2024

18  WL 1832951, at *5 (W.D. Wash. Apr. 26, 2024) (granting motion to dismiss unjust enrichment

19  claim with prejudice and without leave to amend).

20  **IV.    CONCLUSION**

21  For the foregoing reasons, Amazon respectfully requests that the Court dismiss all claims

22  asserted by plaintiffs (if the case is not otherwise compelled into arbitration).

DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 31
Case No. 2:24-cv-00257-JNW

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    Dated this 14th day of June, 2024.

2

3                                    *Pursuant to this Court's Chambers Procedures,*
                                     *the undersigned hereby certifies that Defendants'*
                                     *counsel conferred with Plaintiffs' counsel in a*
4                                    *good faith effort to resolve the issues raised by*
                                     *this motion.  The parties were unable to resolve*
5                                    *the issues raised in this motion because Plaintiffs*
                                     *oppose the relief requested in this motion.*
6
                                     *I certify that this motion contains 8,097 words in*
7                                    *compliance with the Local Civil Rules*

8

9                                    **MORGAN, LEWIS & BOCKIUS LLP**

10                                   By: s/ *Damon Elder*
                                     Damon C. Elder, WSBA No. 46754
11                                   1301 Second Avenue, Suite 3000
                                     Seattle, WA 98101
12                                   Telephone: (206) 274-6400
                                     Email: damon.elder@morganlewis.com
13

14                                   **LATHAM & WATKINS LLP**

15                                   Jessica Stebbins Bina (Cal. Bar. No. 248485)
                                     *Admitted pro hac vice*
16                                   10250 Constellation Blvd, Suite 1100
                                     Los Angeles, CA 90071
17                                   Telephone: (424) 653-5509
                                     Email: jessica.stebbinsbina@lw.com
18
                                     *Attorneys for Defendants Amazon.com, Inc. and*
19                                   *Amazon.com Services, LLC*

20

21   US-DOCS\151015157.15
       071270-0237
22

23

24

25

26

DEFENDANTS' MOTION TO DISMISS FIRST                    **MORGAN, LEWIS & BOCKIUS LLP**
AMENDED COMPLAINT - 32                                        ATTORNEYS AT LAW
Case No. 2:24-cv-00257-JNW                               1301 SECOND AVENUE, SUITE 3000
                                                            SEATTLE, WASHINGTON 98101
                                                       TEL +1.206.274.6400   FAX +1.206.274.6401